## DUDLEY DAVENPORT *vs.* THE NEW ENGLAND MUTUAL FIRE INSURANCE COMPANY.

A representation, made to a mutual insurance company in answer to their questions, by one applying for insurance on a building against fire, that there is no incumbrance thereon, is a material representation, which, if false, avoids the policy; although the company is established by the laws of another state, and may not therefore have a lien on the property insured.

In this case, which was argued by *T. D. Eliot,* for the plaintiff, and *T. G. Coffin* and *C. B. Farnsworth,* for the defendants, the material facts appear in the opinion of the court.

FLETCHER, J. This is an action of assumpsit on a policy of insurance, dated March 3d, 1846, by which the defendants, a company established by the laws of New Hampshire, insured a building of the plaintiff's in New Bedford for $2500, for the term of three years. The building was destroyed by fire on the 15th of May, 1848.

Davenport *v.* New England Mutual Fire Insurance Company.

The case was opened to the jury, and a verdict taken for the defendants, subject to the opinion of the whole court, upon the facts to be reported; the court to draw such inferences therefrom as a jury might draw. There were several grounds of defence relied upon, of which it is necessary to refer only to one, which is quite decisive of the case. At the time the insurance was made, the estate was incumbered by two mortgages, upon which large sums of money were due. In the printed application, signed by the plaintiff, there is this question distinctly. put to him, to wit: " Is the property incumbered;" to which the plaintiff gave a written answer, in the negative. The defendants now insist, that the policy is void, on account of this misrepresentation.

The plaintiff contends, that this misrepresentation is immaterial, because the defendants are a corporation created by the laws of New Hampshire and established in that state, and therefore would have no lien on the property by the statute of this commonwealth; and that a law of New Hampshire would not operate, in this commonwealth, to give the defendants a lien, if there were any such law in that state, which was denied. As the defendants, therefore, would have no lien on the property, the plaintiff maintains that the misrepresentation as to the incumbrances is immaterial.

But, irrespective of the lien, whether the defendants would or would not have one, the misrepresentation was clearly a material misrepresentation. It was material for the insurers to know of the incumbrances, in reference to the responsibility of the insured, and his ability to meet his engagements to the company; it was material to know who was interested in or had any title to the estate; but more particularly and especially was it material, for the defendants to know what interest the plaintiff himself had in the premises, and whether his estate was incumbered or unincumbered.

It is manifest, that the defendants deemed this information material; and they put the direct question, and it was a proper and a practical question; and it was material that the plaintiff should answer it truly. The plaintiff having given an untrue answer, whether by accident, mistake, or design, it matters not,

to a direct, plain, and practical question, cannot now be heard to say it was immaterial.        *Judgment on the verdict.*