DENNIS CADIGAN & another *vs.* LEVI BROWN & another.

Suffolk. Nov. 17, 1875. — Sept. 7, 1876. COLT & LORD, JJ., absent

This court has jurisdiction in equity, under the Gen. Sts. *c.* 113, § 2, *cl.* 9, to abate a private nuisance, which threatens a continuous and permanent injury to a right of way.

The owners of several lots of land may join in a bill in equity to restrain a private nuisance which threatens a continuous and permanent injury to a passageway, in which they have a right of way in common, as appurtenant to their several estates.

MORTON, J. This is a bill in equity alleging that each of the plaintiffs is the owner of a lot of land abutting on a passageway five feet wide, and, as appurtenant thereto, has a right of way over said passageway in common with others; that the defendants have commenced to build a house at one end of the passageway, so as to narrow the width of the entrance to about four feet, and have raised the grade and filled up a part of the pas

sageway so as to injure the access to the lots of the plaintiffs. The prayer is that the defendants be restrained from building the house, that the said obstructions may be removed, and for general relief. The defendants demur, upon the grounds that the plaintiffs are improperly joined, and that they do not state a case which entitles them to relief in equity, having a plain, adequate and complete remedy at law.

1. The case stated is that the defendants are creating obstructions of the plaintiffs' right of way, of a permanent character. This is a private nuisance, which entitles the plaintiffs to relief in equity, unless they have a plain, adequate and complete remedy at law. Gen. Sts. c. 113, § 2, cl. 9. *Creely* v. *Bay State Brick Co.* 103 Mass. 514. *Fall River Iron Works Co.* v. *Old Colony Railroad*, 5 Allen, 221. *Hartshorn* v. *South Reading*, 3 Allen, 501. The injury to the plaintiffs is permanent and continuous, and a judgment for damages would not furnish them adequate relief. It is true that, in an action of tort for the nuisance, they might also obtain a judgment that the nuisance be abated and removed. Gen. Sts. c. 139. But the power of a court of law can go no further than to remove the nuisance, while a decree of a court of equity may restrain the continuance or repetition of the nuisance, and may in other respects be modified and adapted to the case so as to secure the rights of both parties. *Boston Water Power Co.* v. *Boston & Worcester Railroad*, 16 Pick. 512. The remedy at law, therefore, is not equally efficacious, and does not defeat the jurisdiction in equity given this court in suits concerning nuisances.

2. The other ground of demurrer is that the plaintiffs are improperly joined. The bill shows that each of the plaintiffs owns a lot abutting on the passageway, by a separate and independent title. They derive their titles from different grantors. Undoubtedly, in a suit at law for the nuisance, they could not properly join. But the rule in equity as to the joinder of parties is more elastic. Generally, when several persons have a common interest in the subject matter of the bill, and a right to ask for the same remedy against the defendant, they may properly be joined as plaintiffs. Thus in *Parker* v. *Nightingale*, 6 Allen 341, the plaintiffs, being several owners of lots in Hayward Place, each lot being held subject to the restriction that no

buildings should be erected thereon except for dwelling-houses, joined in a suit to restrain the defendants from violating the restriction. So in *Ballou* v. *Hopkinton*, 4 Gray, 324, several owners of mills upon a stream joined as plaintiffs in a bill in equity to restrain the defendant from diverting and wasting the water of a reservoir, and to equalize the flow of water in the stream. Indeed, in the latter case the court assign, as one of the reasons for holding jurisdiction in equity, that at law each owner must bring a separate action to obtain a remedy for his particular injury, and thus the remedy in equity prevents a multiplicity of suits.

In the case at bar, the plaintiffs, though they hold their rights under separate titles, have a common interest in the subject of the bill. They are affected in the same way by the acts of the defendants, and seek the same remedy against them. There is no danger of confusion in the trial, or of injustice to the defendants, from the joinder of the plaintiffs; but the rights of all parties can be adjusted in one decree, and a multiplicity of suits is prevented. We are therefore of opinion that this ground of demurrer cannot be sustained. The same rule was held by Chancellor Walworth in *Murray* v. *Hay*, 1 Barb. Ch. 59, which cannot be distinguished in principle from the case at bar.

*Demurrer overruled.*

*C. Robinson, Jr.*, for the defendants.
*J. A. Maxwell*, for the plaintiffs.