THOMAS N. HART & another *vs.* JAMAICA POND AQUEDUCT CORPORATION.

Suffolk. Nov. 18, 19, 1880; Nov. 15, 16, 1881. — Oct. 23, 1882. W. ALLEN & C. ALLEN, JJ., absent.

A bill in equity against an aqueduct corporation, which was authorized by the St. of 1868, c. 182, to take land, to enlarge a pond on its land and to raise a dam on the land so taken, for the purpose of saving the water running to waste from the pond for aqueduct purposes, alleged that the corporation was sinking a deep well on land of which the plaintiff was the owner in fee, and which the defendant took under the statute, and was erecting thereon powerful hydraulic pumping machinery, to be used in pumping water from the well for the purpose of supplying water to its customers; that the plaintiff was the owner of other land adjoining that so taken, and also of valuable water-rights and privileges immediately below the land taken; and that such adjoining land and water-rights and privileges would be seriously impaired in value by the acts of the corporation, in tapping and drawing off the underground sources of supply of such water-rights and privileges. *Held*, on demurrer, that the bill stated a case within the equity jurisdiction of the court.

BILL IN EQUITY, filed June 21, 1880, to enjoin the defendant corporation from doing certain acts on land taken from the plaintiffs under the St. of 1868, *c.* 182. The defendant demurred to the bill, assigning for grounds of demurrer: 1. That the plaintiffs had a plain, adequate and complete remedy at law. 2. Want of equity. Hearing before *Colt*, J., who sustained the demurrer, and dismissed the bill; and the plaintiffs appealed to the full court. The facts appear in the opinion.

The case was argued in November 1880, by *M. Williams, Jr.*, for the defendant, and by *A. D. Chandler*, for the plaintiffs; and was reargued in November 1881, by the same counsel.

MORTON, C. J. It was decided in *Attorney General* v. *Jamaica Pond Aqueduct, ante*, 361, that the acts of the defendant in sinking a well and erecting pumping machinery upon the land of the plaintiffs, taken under the St. of 1868, *c.* 182, were *ultra vires* and illegal. The only remaining question in this case is whether the bill states a case which is within the equity jurisdiction of the court.

The bill, after setting out the acts complained of, alleges that the plaintiffs are the owners in fee of the land taken by the defendant, and of other adjoining land, and also of valuable water-rights and privileges immediately below the land taken; and that the said adjoining land and their water-rights and privileges will be seriously impaired in value by the acts of the defendant in tapping and drawing off the underground sources of supply of said water-rights and privileges.

The illegal acts of the defendant, of which the bill complains, are the sinking of a deep well and the erection of powerful hydraulic pumping machinery, to be used in pumping water from said well, for the purpose of supplying water to the customers of the defendant.

The question is not what might be the rights of the plaintiffs, as against the owner of adjoining land, who, by digging wells or any lawful use of his land, intercepts underground currents so as to injure the plaintiffs. This may be *damnum absque injuria.* The defendant is not the owner of the adjoining land; it has only an easement in, or a right to use, for certain purposes, the adjoining land which belongs to the plaintiffs. If it exceeds its powers, its acts are illegal, and it stands in no better position

than would a stranger creating a permanent nuisance upon the plaintiffs' land to their irremediable injury.

The case stated is, that a quasi public corporation, exercising by delegation from the Legislature the right of eminent domain, is perverting and exceeding the powers granted to it, and is illegally constructing a work, which is perpetual and permanent in its nature, to the injury of the plaintiffs.

In an early case, when the jurisdiction in equity of this court was less extensive than it now is, it was stated by Chief Justice Shaw that, " where the party complained against professes to act by public authority, to enter upon, and to a certain extent to use the land of third persons, and exceeds his authority, it is held to be a peculiarly proper case for the interposition of a court of equity." *Boston Water Power Co.* v. *Boston & Worcester Railroad*, 16 Pick. 512.

In the case before us, as in that case, the other ground of equitable jurisdiction exists, that the work which the defendant proposes to do is permanent and perpetual in its nature. Taking the case as stated, it shows that the defendant is violating important rights of the plaintiffs to their serious injury, for the protection of which a court of equity alone can furnish an adequate and complete remedy. A writ of entry, or an action of tort for a nuisance, if followed by a filling up of the well, would not furnish a remedy equally complete. No one can tell what may be the effect of digging a deep well, interrupting underground streams and currents, or whether, if it were afterwards filled up, the streams and currents would be restored to their original courses. The mischief to the plaintiffs might be irremediable: We are of opinion that the plaintiffs' bill may be maintained. *Cadigan* v. *Brown*, 120 Mass. 493. *Fall River Iron Works* v. *Old Colony & Fall River Railroad*, 5 Allen, 221. *Winslow* v. *Nayson*, 113 Mass. 411. *Creely* v. *Bay State Brick Co.* 103 Mass. 514. *Dickenson* v. *Grand Junction Canal*, 15 Beav. 260. *Bostock* v. *North Staffordshire Railway*, 3 Sm. & G. 283. *Lamb* v. *North London Railway*, L. R. 4 Ch. 522.

*Demurrer overruled.*