RICHARD DAVIS *vs.* CITY OF NEW BEDFORD.

Bristol.    Oct. 26. — Nov. 29, 1882.    LORD, C. ALLEN & COLBURN, JJ., absent.

The St. of 1863, *c.* 163, gave a city the right to construct a reservoir and dam for the storage of water, and provided that the owner of any land taken by the city for the purposes of the act, or other person, who should sustain damage by the construction of any dam or reservoir, might apply by petition, for the assessment of his damages at any time within three years from the taking of said land or sustaining damage as aforesaid, and not afterwards; and that whenever any damages were sustained as above set forth, the city might, in case of neglect by the person damaged to institute proceedings for twelve months, commence such proceedings, which should be determined as if commenced by such person. *Held,* that a petition could not be maintained, after the expiration of three years from the construction of the dam and reservoir, by a person whose land was injured by water percolating through his land from the reservoir, although such percolation did not take place until after the expiration of the three years.

PETITION, filed February 15, 1882, to the Superior Court, under the St. of 1863, *c.* 163, § 6, for the appointment of three disinterested freeholders of the Commonwealth, to assess the damages alleged to have been sustained by the petitioner, within three years last past, by reason of the water, stored in a reservoir constructed, in connection with a dam, by the respondent city, under said statute, being forced through and upon his land. The case was submitted on agreed facts to the Superior Court, which dismissed the petition; and the petitioner appealed to this court.    The facts appear in the opinion.

*W. C. Parker,* for the petitioner.

*T. M. Stetson & L. L. Holmes,* for the respondent.

DEVENS, J.    The petitioner proceeds under the St. of 1863, *c.* 163, which was an act for supplying the city of New Bedford with pure water, and which authorized the construction of a dam

by the city for the purpose of collecting and storing the necessary supply. His petition treats that which has been done in this construction as rightfully done, and seeks to bring his case within the sixth section of the act, providing a remedy for those who may have been injured by the taking of their property, or by the constructions authorized. This section, so far as it need now be considered, is as follows: "The said city of New Bedford shall be liable to pay all damages that shall be sustained by any persons in their property by the taking of any land, water or water-rights, or by the constructing of any dams, aqueducts, reservoirs, or other works, for the purposes of this act. And if the owner of any land, water or water-rights, which shall be taken as aforesaid, or other person who shall sustain damage as aforesaid, shall not agree upon the damage to be paid therefor, he may apply by petition, for the assessment of his damages at any time within three years from the taking of said land, water or water-rights, or sustaining damage as aforesaid, and not afterwards, to the Superior Court in the county in which the same are situate, unless sooner barred, as provided in the seventh section of this act." The dam was completed in 1867. No change has taken place in it since that time, which was some fifteen years previously to the filing of the petition; but the petitioner complains that, within the three years before the filing of his petition, the water stored in the reservoir created by the dam has been forced through and upon his land, making it cold, wet and heavy, and doing other injuries thereto.

There have been several occasions when it has been necessary to construe acts where, either for public purposes or to aid in enterprises of a public and general character, the construction and permanent maintenance of dams have been authorized. These acts have contained provisions for the protection of those whose lands or other property is taken, or who sustain damage by such structures, but in nearly all it has been provided that the remedy must be pursued within a comparatively short limitation of time. It has been held that, notwithstanding the difficulty of determining within a brief period what is the damage sustained by land or property not taken, it must still be done within the time limited. *Heard* v. *Middlesex Canal*,

5 Met. 81. *Call* v. *County Commissioners*, 2 Gray, 232. *Ipswich Mills* v. *County Commissioners*, 108 Mass. 363.

The reasons why this should be so are certainly as strong in the present case as in those cited. Unless there were a single assessment within a definite period, the cost of such a work could not be ascertained and provided for, as there might be a continued recurrence of claims of indefinite extent and for an indefinite period. Again, that which the respondent should pay is the damage which it has occasioned by diminishing the value of the land, as it existed at the time of the construction, and not as it may exist years afterwards, when increased population or other reasons may have materially added to such value. *Heard* v. *Middlesex Canal, ubi supra.*

The petitioner deems that the language of the act under consideration, perhaps in view of the decisions already cited, has been chosen to meet cases such as that which he presents; and that it is intended thereby to provide a remedy for damages, as from time to time they may appear to have been occasioned, to lands not taken. But a careful examination of the act shows that this cannot be its true construction. Although those sustaining damage may proceed within three years according to the provisions of the sixth section of the act, yet they are liable to be barred by the action of the city under the seventh section, which permits the city after twelve months to commence proceedings on its own behalf, which are to be determined in the same manner as if commenced by those who have sustained damage. These limitations would be nearly valueless, if a right to litigate continued at any time thereafter whenever a petitioner could prove additional damage.

The petitioner contends that it was only many years after the construction of the dam that he sustained actual damage; that previously thereto it was speculative merely. The injury likely to arise to land from the flowing thereof is more readily seen and determined, undoubtedly, than that which may proceed from percolation or underground currents of water, when it is collected and stored in a reservoir in the vicinity of a tract of land. Yet, if by exposure to danger therefrom the land is diminished in value, such loss or diminution would afford a fair measure of the owner's damage. *Heard* v. *Middlesex Canal, ubi supra.*

The time within which the petitioner was entitled to make his application might also well have appeared to the Legislature as sufficiently long to determine, by the test of actual experiment, what injury was likely to be done, or what might be reasonably apprehended from any diminished capacity of the land for cultivation or improvement, and thus what was the depreciation in value of the land. *Judgment affirmed.*