## HOLLINGSWORTH AND VOSE COMPANY *vs.* FOXBOROUGH WATER SUPPLY DISTRICT.

Norfolk.    December 9, 10, 1895. — January 6, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Taking of Water and Water Rights — Sufficiency of Description in Instrument of Taking — Equity.*

Whether a statute authorizing the taking of the water of a certain brook, "or of any springs, natural ponds, brooks, or other water sources," includes the waters of an artificial pond, *quære.*

A corporation, which was authorized by statute to take and hold certain water and water rights, and also all necessary lands for raising, holding, and preserving such water, filed in the registry of deeds, as required by the statute, an instru-ment which, after stating that it was necessary that a pumping station and its appurtenances be constructed, and that certain lands be taken therefor and for the preserving of its waters in the vicinity thereof, recited that "for the pur-poses hereinbefore specified" the corporation had " taken the lands hereinafter described," and contained a description of the lands taken. The corporation dug wells on the land taken, from which it pumped water drawn from the pond of a third person. *Held*, on a bill in equity to restrain interference with the water, that there was no description of the water taken sufficient to justify its withdrawal.

HOLMES, J.   This is a bill in equity for an injunction against further interference with the plaintiff's water, and for damages. The bill was dismissed and the case is here on report.   It is found that the plaintiff has an artificial pond known as the Neponset Reservoir, and has a right to the waters of this pond. The defendant has taken land of third persons, and has dug wells upon the same, from which it pumps and distributes some thousands of gallons of water daily.   A part of this water is percolating water, intercepted on its way to the plaintiff's pond, and a part is water drawn from the plaintiff's pond by percolation. The defendant had pumped the water in this way for more than a year before the filing of this bill, and its position is that the plaintiff's only remedy, if any, was by petition under St. 1879, c. 196, under which the defendant purported to act in taking the land, and that the time for a petition has gone by.*   The defendant also has received conveyances from the former owners of the land taken, and claims whatever rights it may have by virtue of that fact.   The plaintiff denies that the statute confers on the defendant the right to take its waters, and, if it does, that the defendant has taken them in due form.   We agree with the plaintiff, so far as to think it entitled to prevail.

The plaintiff's pond is an artificial pond, but it appears that it has been maintained since 1845, at which time the plaintiff was incorporated for the purpose of maintaining it, (St. 1845, c. 48,) and it is found that the plaintiff has the right to store the water in the reservoir for its benefit.   Nothing is said in the report as to the way in which the plaintiff acquired this right, and therefore we need not consider whether, assuming, as the defendant contends, that the percolation of water through land of

---

* The statute authorized the defendant to "take and hold the water, with the water rights connected therewith, of Governor's Brook, or of any springs, natural ponds, brooks, or other water sources within the limits of the town of Foxborough, together with all necessary lands for raising, holding, making available and preserving such water"; and provided that "within ninety days after the time of taking any lands, water sources, or water rights," the defendant should "file in the registry of deeds for the county of Norfolk, an accurate description thereof, with a statement of the purpose for which the same is taken," and that an application by any person for an assessment of damages sustained by such taking should be made within one year after the taking, "but not thereafter."

neighboring owners was an actionable wrong at the outset, the right has been gained by prescription, if not by purchase. *Gilmore* v. *Driscoll*, 122 Mass. 199, 207.   *Dalton* v. *Angus*, 6 App. Cas. 740.   The plaintiff's right to the water and the withdrawal of an appreciable amount by the defendant being established, it is settled that the plaintiff has the same standing to complain of the withdrawal by percolation that it would have if the water were taken directly from the pond by pipes, and that, unless there has been a valid taking of the water withdrawn in the way stated, the plaintiff can maintain its bill. *Proprietors of Mills* v. *Braintree Water Supply Co.* 149 Mass. 478, 484.   *Hart* v. *Jamaica Pond Aqueduct,* 133 Mass. 488. See *Cowdrey* v. *Woburn*, 136 Mass. 409, 411.

We regard it as doubtful whether the statute of 1879 authorized the defendant to take this water in any form.   The words of the act are " may take and hold the water, with the water rights connected therewith, of Governor's Brook, or of any springs, natural ponds, brooks, or other water sources within the limits of the town of Foxborough."   St. 1879, c. 196, § 2.   When Governor's Brook is named and the Neponset Reservoir not only is not named, but seemingly is excluded by the words " natural ponds," it is going a great way to include this large artificial pond under the words " other water sources."

However this may be, we are of opinion that there has been no such accurate description filed of the water sources or water rights taken as the statute requires, if the purpose was to take any of the water of the Neponset Reservoir.*   The land on which the defendant dug its wells was taken for a pumping station and its appurtenances, and for the preserving of the defendant's waters in the vicinity of the lands, if we rightly interpret the language of the instrument of taking.   No other purpose was expressed, and nothing else was taken.   The refer-

---

* The instrument of taking, after referring to the powers conferred upon the corporation by the statute, recited that " it is necessary that a pumping station and its proper appurtenances be constructed, and that certain lands be taken for such station and appurtenances, and for the preserving of its waters in the vicinity thereof"; and that " for the purposes hereinbefore specified " the corporation had " taken the lands hereinafter described," and contained a description of the lands taken.

ence to a pumping station did not import that the water to be pumped was to come from the plaintiff's pond, or from wells on the land described. The mere acquisition of the land did not carry with it the right to use the water coming from the pond without paying for it. *Cowdrey* v. *Woburn*, 136 Mass. 409, 412. *Ætna Mills* v. *Brookline*, 127 Mass. 69, 71, and cases last cited. St. 1879, c. 196, § 3. As the statute requires the water to be paid for, it requires it to be taken in sufficent form, if it is used under the statute. No doubt cases can be conceived in which it would be difficult to frame a description of the extent of the right taken; *Taft* v. *Commonwealth*, 158 Mass. 526, 547; but there is no difficulty in the present case that cannot be overcome. We need not express an opinion as to what would be a proper form, whether, for instance, a taking of the right to withdraw all subterranean waters in the land taken would be enough to put on the plaintiff the burden of finding out that it was affected in season to file its petition for damages; *Davis* v. *New Bedford*, 133 Mass. 549; or whether it would be necessary to refer to the source from which the water was taken, as was done in the vote to take a million gallons daily from the Charles River, mentioned in *Ætna Mills* v. *Waltham*, 126 Mass. 422, 424, 425.

*Decree reversed.    Case to stand for trial.*

A. *Hemenway*, (*R. W. Carpenter* with him,) for the defendant.

*E. C. Bumpus & R. Foster*, (*H. E. Ware* with them,) for the plaintiff.