THOMAS HILLS *vs.* FANNIE F. METZENROTH & another.

Suffolk.   March 27, 1899. — May 19, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Enforcement of Restriction in Deed against Use of Land for Business Purposes.*

Evidence that the owner of land abutting on a city street divided it into lots which he conveyed to numerous grantees subject to a uniform restriction that no buildings except dwelling-houses at least two and one half stories in height set back six feet from the street should be erected thereon will warrant a finding that the original grantor contemplated a scheme of general improvement, and intended to restrict the use of the land to residential purposes for the benefit of all the grantees; and one of such grantees may maintain a bill in equity to restrain another grantee, who, in violation of such restrictions, and in disregard of a seasonable notice from the plaintiff of such violation, so alters his premises that they may be used for business purposes.

BILL IN EQUITY, filed January 10, 1899, to restrain the defendants from violating the restrictions of a deed.   Hearing before *Hammond,* J., who, at the request of the defendant Metzenroth, reported the case for the consideration of the full court, in substance as follows.

The plaintiff and the defendant Metzenroth were severally seised of a parcel of land on K Street in South Boston, and both derived their title by mesne conveyances from the Trustees of the Hawes Fund, a corporation which, in 1867, was the owner of a tract of land situated on both sides of K Street, extending from Fifth to Seventh Streets.   The corporation inserted in the deed to the plaintiff's predecessor in title the following restriction: " subject to the following restriction, to wit, that no buildings shall be erected or placed upon said premises except dwelling-houses with their outbuildings, each dwelling-house to be at least two and one half stories in height, and situated six feet from the line of said K Street "; and in the deed to the

defendant's predecessor in title the following restriction : " Said land is conveyed subject to the restriction that no buildings shall be erected or placed thereon except a dwelling-house and a stable for private use, and that the main part of such dwelling-house shall not be less than two and one half stories in height, and the main part of any building erected on said land shall be set back six feet from the line or side of said K Street."

All the land so owned by the corporation had prior to the commencement of this suit been sold and conveyed subject to restrictions similar to those contained in the deed to the plaintiff's grantors. The restrictive clauses in the deeds to the plaintiff's and the defendant's grantors were referred to and made a part of all mesne conveyances through which the plaintiff and the defendant derived title. No part of the land originally owned by the corporation had ever been used for other than residential purposes, nor any buildings other than dwelling-houses with their usual outbuildings erected thereon. The defendant, when the plaintiff's bill was filed, was so altering the dwelling-house upon her premises as to be used for a Chinese laundry in disregard of the plaintiff's notice, given seasonably, that the proposed alterations were in violation of the restrictions of the deed, and of the rights of the owners of other lots, and had executed and delivered a written lease of a part of her premises for use as a laundry. The proposed alterations and use would cause irreparable injury to the plaintiff.

The judge found that the language of the various deeds contemplated a scheme of general improvement, and that there was an intention upon the part of the Trustees of the Hawes Fund at the time of the original conveyances to restrict the use of its land to residential purposes ; that such intention was for the benefit of the entire tract which it intended to sell and did sell ; that the restriction as to the character and height of the buildings, and their distance from the street, was uniform in deeds of all the land on K Street ; that the proposed alteration and use of the defendant's premises would damage the plaintiff's land, injure the entire tract for residential purposes, and violate the restrictions in her deed ; and that there had been no gradual infringement, and that the plaintiff was not guilty of laches. The judge entered a decree for the plaintiff.

*C. C. Long*, for the defendant Metzenroth.

*F. A. North*, for the plaintiff.

KNOWLTON, J. The findings of the judge were well warranted by the evidence stated in the report.

It being established by the findings that the original grantors of the lots into which the tract was divided inserted language in all of the various deeds intended to create restrictions upon the land for the benefit of all the grantees as a part of a general scheme of improvement, the plaintiff can maintain his bill in equity to prevent a violation of the restrictions. *Whitney* v. *Union Railway*, 11 Gray, 359. *Parker* v. *Nightingale*, 6 Allen, 341. *Jeffries* v. *Jeffries*, 117 Mass. 184. *Sanborn* v. *Rice*, 129 Mass. 387. *Payson* v. *Burnham*, 141 Mass. 547. *Hano* v. *Bigelow*, 155 Mass. 341.          *Decree for the plaintiff.*