CHARLES R. EVANS *vs.* EUGENE N. FOSS.

Suffolk.　December 6, 1906. — March 1, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Equitable Restrictions.* *Equitable Jurisdiction,* To enforce restriction on land. *Garage.*

Where the owner of a tract of land makes deeds of different portions of it each containing the same restriction upon the lot conveyed, which is imposed as part of a general plan for the benefit of the several lots, the grantees are given an equitable right to enforce against each other the restriction made for their common benefit.

Where a restriction for the common benefit is imposed upon the grantees of all the lots in a large tract of land, the fact that in some parts of the tract other restric-

tions also are imposed does not show that the restriction common to all the deeds was not intended to apply alike to all.

The erection of a garage designed to accommodate about one hundred and twenty automobiles of the larger type, having under it a steel tank arranged to hold ten barrels of gasoline, and containing a repair shop one hundred feet by thirty feet, with a small portable forge in one corner, where from six to eight cars of the largest type can be repaired simultaneously, the building being intended to be used as a salesroom, repair shop and repository for a company manufacturing automobiles, with demonstrators to run cars for possible purchasers, and also being intended to be used to store and care for automobiles belonging to about seventy-five or one hundred customers whose automobiles would go in and out on an average once each day, can be found to be a violation of a restriction, imposed on the land on which it is being constructed, that no building erected thereon shall " be used or occupied for a stable, either livery or public or private, for carpenter's shops, white or blacksmith shops, or for any foundry, mechanical or manufacturing purposes or for any other business which shall be offensive to the neighborhood for dwelling houses," especially where there is much evidence tending to show that the business proposed to be carried on would be " offensive to the neighborhood for dwelling houses."

In a suit in equity to enforce a restriction on land imposed for the protection of the surrounding lots for residential purposes it is no reason for refusing to enforce the restriction that in the opinion of the judge who hears the case the land in ten years " will be wanted for business purposes, and is worth more for such purposes than for residential purposes," if since the restriction was imposed there has been no material change in the conditions directly affecting the character and use of the property in question.

KNOWLTON, C. J. The plaintiff seeks by this bill to obtain an injunction to prevent the erection of a garage by the defendant on Newbury Street in Boston. The case was reserved by a judge of the Superior Court upon the pleadings, his findings of fact, and the evidence taken before a commissioner. The plaintiff is the owner of a house and lot on Newbury Street, very near the defendant's lot on which he began to build a garage. In the deeds under which the respective parties claim title there is a restriction, as follows: " No building shall be erected on said described premises except outhouses to dwellings, the exterior walls of which shall be of any other material than brick, stone or iron, nor shall any building erected thereon be used or occupied for a stable, either livery or public or private, for carpenter's shops, white or blacksmith shops, or for any foundry, mechanical or manufacturing purposes or for any other business which shall be offensive to the neighborhood for dwelling houses." The judge found that the purpose of this restriction in the deed of Whitney and others, trustees, to Fairchild, under which both parties claimed, was a " furtherance of a general scheme for the

improvement of the granted property and that the same were imposed to benefit the parcels conveyed." It is a familiar principle of law, which has been applied in many cases, that when one makes deeds of different portions of a tract of land, each containing the same restriction upon the lot conveyed, which is imposed as a part of a general plan for the benefit of the several lots, such a restriction not only imposes a liability upon the grantee of each lot as between him and the grantor, but it gives him a right in the nature of an easement, which will be enforced in equity against the grantee of one of the other lots, although there is no direct, contractual relation between the two. Through the common character of the deeds the grantees are given an interest in a contractual stipulation which is made for their common benefit. *Whitney* v. *Union Railway*, 11 Gray, 359. *Parker* v. *Nightingale*, 6 Allen, 341. *Linzee* v. *Mixer*, 101 Mass. 512. *Dorr* v. *Harrahan*, 101 Mass. 531. *Peck* v. *Conway*, 119 Mass. 546. *Tobey* v. *Moore*, 130 Mass. 448. *Hano* v. *Bigelow*, 155 Mass. 341. *Payson* v. *Burnham*, 141 Mass. 547. *Hopkins* v. *Smith*, 162 Mass. 444. *Hills* v. *Metzenroth*, 173 Mass. 423. The judge was right in finding that the lots owned by the respective parties come within the principle which makes each subject to the restriction, and gives the owner of each a right to enforce the restriction against the others. By agreement of the parties, besides extracts from deeds and deeds in full, different title books, containing abstracts of titles, were put in evidence by the plaintiff. These contained the material facts about many titles, in greatly abbreviated language. It is contended by the defendant that these do not go far enough to establish the facts upon which the plaintiff seeks to rely. But they are entirely intelligible to one familiar with the subject to which they relate, and having been put in evidence without objection, they may be interpreted according to their manifest meaning, although the meaning is not expressed by a full statement in words. The original of the restriction relied upon is found in a deed from the Boston Water Power Company to Whitney and others, trustees, conveying three large parcels of land on the Back Bay, under date of October 16, 1880. We find it, in substantially the same form, in deeds of different parts of this property, one from Whitney and others, trustees, to S. Endicott Peabody, under

date of June 13, 1883, one to Abbott Lawrence, under date of January 30, 1886, and one to Charles T. Fairchild, under date of March 6, 1886. These three deeds include nearly all of the third parcel conveyed to Whitney and others, trustees, by the Boston Water Power Company. When the land on Newbury Street conveyed to Charles T. Fairchild was subdivided into small building lots, the restriction was inserted in the deeds of the different building lots, and it has been continued in the conveyances since. Deeds from Whitney and others, trustees, of portions of other parcels, included in their purchase from the Boston Water Power Company, contained the same restriction. While not all the conveyances made by Whitney and others, trustees, of lands in this vicinity were put in evidence, there was nothing to show that this restriction was not inserted in their conveyances of the lands out of this third parcel, as a part of a general scheme for the benefit of the whole property, and there was enough in the evidence to show that it was so inserted. The fact that, in some conveyances of parts of their large purchase there were also other restrictions, does not tend to show that this restriction was not intended to apply alike to all, for the benefit of the purchasers. The restriction is therefore valid and enforceable against the defendant.

The proposed garage is designed to accommodate about one hundred and twenty-five automobiles of the larger type. A steel tank, enclosed in cement, is arranged under the front of the building, to hold ten barrels of gasoline. The second floor is designed to be used partly for the storage of automobiles. The rear of the third floor is designed for a repair shop, for making minor repairs of automobiles. The dimensions of this repair shop are about one hundred feet by thirty feet. The southeast corner will contain a small, portable forge. The size of this room is such that from six to eight cars of the largest type may be repaired simultaneously. The building is intended to be used as a salesroom and repository for the Locomobile Company of America. A number of demonstration cars are to be kept, with demonstrators to run them for possible customers. The building is also intended to be used to store and care for automobiles belonging to customers. About seventy-five or a hundred customers are expected to store their automobiles here,

and these automobiles would go in and out on an average once each day. The judge found that the erection and maintenance of such a garage would be a violation of the restriction. The findings of a judge, made upon the testimony of witnesses who appeared before him, will be followed by the full court unless they are plainly wrong. *Willwerth* v. *Willwerth,* 176 Mass. 265. In the present case, while there was some conflict in the testimony, we are of opinion that the finding was right. There was much evidence tending to show that the business proposed to be carried on at the building would be " offensive to the neighborhood for dwelling houses."

The remaining question is whether there has been such a change in the conditions as to preclude a court of equity from enforcing the restriction. The judge found, and there is no doubt of the correctness of the finding, " that the restrictions in question were imposed by Whitney and others, trustees, in 1886 for the purpose of keeping this property as a residential property as being the use for which it was then believed to be best adapted." The defendant relies on the case of *Jackson* v. *Stevenson,* 156 Mass. 496, in which it was held that, by reason of an entire change in the character of the neighborhood and the use of the property on Pleasant Street and Park Square in Boston, it would be impossible for the plaintiff or others to obtain any benefit from an enforcement of the restrictions, originally imposed in reference to a use of the lots for dwelling houses. The facts of that case were very different from those of the present case. In the present case no use has been shown of any part of the property on which the restriction was put that is in violation of the restriction. There has been a considerable increase of business lately on Massachusetts Avenue, which is a great thoroughfare. A part of Newbury Street between Massachusetts Avenue and Hereford Street was originally left unrestricted, and stables were built there. The proximity of the Boston and Albany Railroad diminishes the desirability of a part of the property on Newbury Street for residences. But these conditions, except the increase of business on Massachusetts Avenue, existed in 1886 when Whitney and others, trustees, made their conveyances. In the absence of any material change in conditions directly affecting the character and use of

the property in question, this court cannot refuse to enforce the restriction on the ground that it has ceased to be binding.

The judge, in his finding, expressed an opinion that in ten years this part of Newbury Street " will be wanted for business purposes, and is worth more for such purposes than for residential purposes." Whether this opinion as to the future is well founded or not, it is not a good reason for depriving those who have built dwelling houses on their lots, in reliance upon the restriction, of their right to have the adjacent property used in accordance with the provisions of their deeds.

*Decree for the plaintiff.*

*W. R. Evans, Jr.,* for the plaintiff.
*H. R. Bailey,* (*G. W. Mathews* with him,) for the defendant.