CROHAN J. DALY *vs.* EUGENE N. FOSS & another.

WILLIAM ENDICOTT, JR. & another, trustees, *vs.* SAME.

MARY E. KEITH *vs.* SAME.

Suffolk. March 13, 16, 1908. — May 21, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Equity Jurisdiction*, Laches.

In three suits in equity to enjoin the maintenance by the defendant of a garage in his building on Newbury Street in Boston in alleged violation of restrictions to which his land was subject, it appeared that the rights of the plaintiffs against the defendant, apart from the question of laches, were in all material respects

the same as those of the plaintiff in the case of *Evans* v. *Foss*, 194 Mass. 513, in which an injunction was granted on the ground that the construction of this garage would be a violation of the restriction that no building erected on the land should be used or occupied for any business which should be "offensive to the neighborhood for dwelling houses." On the question of laches it appeared, that these suits were not brought until after the garage was completed and in operation, the plaintiffs having relied for protection on the injunction obtained by Evans, who in the meantime had sold his land to the defendant and had consented to a decree dismissing his bill. The justice who heard the case found that the defendant in completing the garage was not misled by the conduct of the plaintiffs into the belief that they and others similarly situated acquiesced in what he was doing, that the defendant did not act in good faith in reference to the rights of the plaintiffs, but pushed forward the erection of the garage with the intention of buying the land of Evans if the defendant should be unsuccessful in the suit brought by Evans, in the hope, that if the defendant completed the garage before other householders made objections, he would not be enjoined by the court from using the building as a garage, that the defendant purposely abstained from ascertaining whether other householders on the street objected to the garage, fearing that if he asked questions objections would be made, that the defendant after the decision against him bought Evans's house and land and caused the deed to be taken in the name of his clerk instead of in his own name, in part for the purpose of concealing the purchase from the owners of the other houses on the street, that for the same purpose he withheld the deed from record for more than two months, and that all this was done in the hope that, if objections were made, the later they were made the better his position would be in proceedings to enjoin him from using the building as a garage. *Held*, that there was no laches on which the defendant had a right to rely as a bar to the plaintiffs' suits, and that the injunctions prayed for shoul be granted.

THREE BILLS IN EQUITY, filed in the Supreme Judicial Court, the first two on July 30, 1907, and the third on August 5, 1907, to restrain the defendant Foss from allowing his building on the southerly side of Newbury Street, the erection of which as an automobile garage was declared in *Evans* v. *Foss*, 194 Mass. 513, to be in violation of the restrictions on his land, to be any longer maintained as such garage and to restrain the defendant Locomobile Company of America from any longer making use of that building as a garage.

The three cases were heard together by *Loring*, J., whose findings are stated and described in the opinion. In each of the cases the justice made a final decree granting the injunction as prayed for; and the defendants appealed.

The bill in *Evans* v. *Foss* was filed on June 4, 1906. The rescript in that case was handed down on March 1, 1907, and the garage was then substantially completed. The deed from

Charles R. Evans to Joseph Weeks was dated April 9, 1907, but was not recorded until June 10, 1907. On April 16, 1907, a decree was entered in *Evans* v. *Foss,* by consent of parties, dismissing the bill. The defendant Locomobile Company moved in some automobiles in March and began to use the building as a garage early in April, 1907.

*L. S. Dabney & H. R. Bailey,* (*G. W. Mathews* with them,) for the defendant Foss.

*W. R. Sears,* for the Locomobile Company of America.

*A. Whiteside,* (*C. R. Lamson* with him,) for the plaintiff Daly and also for the plaintiffs Endicott and Warren, trustees.

*M. Storey,* (*J. O. Burdett & H. S. Davis* with him,) for the plaintiff Keith.

KNOWLTON, C. J. These three cases are brought to restrain alleged violations of restrictions contained in deeds of real estate, and the maintenance and use of a building as a garage, on Newbury Street in Boston. The lot and the building of the defendants are the same referred to in the case of *Evans* v. *Foss,* 194 Mass. 513. The title of the defendants, except to a small triangular piece of land which is not affected by the restrictions, is the same as it was shown to be in that case, and the titles of the several plaintiffs are derived from the same sources, include the same rights, and are subject to the same liabilities as the title of the plaintiff in that case. The additional proof as to the deeds of some portions of the original tracts conveyed to the trustees Whiting and others does not affect the rights of the present plaintiffs to have the restrictions enforced. The finding of the single justice as to the legal rights of the parties, under the deeds, leaves these cases, in this particular, precisely like the case of *Evans* v. *Foss,* and this finding is well supported by the evidence.

So, too, the finding that the building is used for a business which is " offensive to the neighborhood for dwelling houses " was in accordance with the great weight of the testimony, and it brings the cases within the former decision.

The same may be said of the finding that there has been no such change in the condition and use of the property in the neighborhood as to relieve the defendant from the binding force of the restrictions and to bring the cases within the doctrine

applied in *Jackson* v. *Stevenson*, 156 Mass. 496. In this respect our decision must follow that in the former case.

The only question in these cases that has not been substantially covered by the decision in *Evans* v. *Foss* is whether the plaintiffs are barred by laches or estoppel. The principal ground on which the defense of laches is sustained by the courts is that it would be unfair to a defendant to wait a long time, while he is making his arrangements and adjusting his business and property to conditions which he has reason to believe will be permanent because he deems them either in conformity with law or satisfactory to others, and then to make an attack upon him, and require him to undo that which he has done innocently and at great cost. The reason for sustaining this kind of defense is similar to that on which the doctrine of estoppel depends, although it does not require that a technical estoppel be shown.

In the present case the plaintiffs had rights like those of Evans in his suit. Their rights depended upon the same deeds and the same facts. Evans alleged that the defendant Foss was violating these rights, and brought a suit to enjoin him. The decision in his case would show what decision should be made in the cases of these plaintiffs. If there were fifty other landowners whose rights were the same as his, all of whom knew that a case was pending between him and Foss to determine these disputed rights, it would be unreasonable to hold that each one of them must prosecute an independent suit with promptness, at the peril of losing by laches rights that were secured to him permanently by a deed. *Edison Electric Light Co.* v. *Sawyer-Man Electric Co.* 53 Fed. Rep. 592. *United States Mitis Co.* v. *Detroit Steel & Spring Co.* 122 Fed. Rep. 863. *Linzee* v. *Mixer*, 101 Mass. 512. *Attorney General* v. *Gardiner*, 117 Mass. 492. *Attorney General* v. *Algonquin Club*, 153 Mass. 447. *Radenhurst* v. *Coate*, 6 Grant Ch. 139. *West Arlington Improvement Co.* v. *Mount Hope Retreat*, 97 Md. 191, 205. *Proctor* v. *Bennis*, 36 Ch. D. 740, 760. *Ramsden* v. *Dyson*, L. R. 1 H. L. 129, 168. 18 Am. & Eng. Encyc. of Law, (2d ed.) 105. Such landowners well might be influenced in their conduct by knowledge that the defendant knew their rights to be the same as those of Evans, and that a decision in favor of Evans would show his violation of their rights in the same way.

The presiding justice has found that the defendant Foss was not misled by the conduct of these plaintiffs into the belief that they, and others similarly situated, acquiesced in what he was doing. He has found that the defendant was not acting in good faith in reference to the rights of the plaintiffs, but was pushing forward the erection of the garage, with the intention of buying Evans's land if he should be unsuccessful in the suit with Evans, in the hope that, if he completed the garage before other householders made objections, he would not be enjoined by the court from using it as a garage. The justice further found that Foss abstained from ascertaining whether other house owners on the street objected, because he thought he would stand better in this respect than if he made inquiry and was told that there were objections, and that in fact he feared that, if he asked questions, objections would be made. He also found that, later, he bought Evans's house, and caused the deed to be taken in the name of his clerk instead of himself, in part for the purpose of concealing the purchase from the owners of other houses on the street, and that, for the same purpose, he withheld the deed from record in the registry for more than two months, feeling that, if other owners knew of the purchase, they would make objections, while if they did not know it they would take no action. All this was done in the hope that, if objections were made, the later they were made the better would be his position, in reference to proceedings to enjoin him from using the building as a garage.

Upon these findings we are of opinion that there was no laches of which the defendant Foss can avail himself in these suits. He has lost nothing by reason of the failure of the plaintiffs to take earlier proceedings for the enforcement of their rights. There was no such delay as, on general principles, should move a court of equity to refuse relief.

We do not mean that a party having rights can rely indefinitely upon a suit of another person to enforce a similar right, and can postpone unreasonably the assertion of his own rights, in such a way as to lead others to action, to their detriment, in a belief that he does not desire or intend to enforce them. But, in determining whether he was guilty of negligence in failing to assert his rights promptly, the fact that the defendant knew of the existence of his rights, through another person's assertion

of similar rights depending on the same facts, may well be considered important.

*Kent* v. *Dunham*, 14 Gray, 279, differs materially from this case. The decision in that case was that one, desiring to take an appeal from a decree of a probate court, cannot rely upon an appeal taken by another person, but, if he wishes to save his rights, must appeal seasonably in his own name. His right to appeal is defined by the statute, and it has no existence after the expiration of the time prescribed. The rights in the present cases were created by deeds, and the question is whether the plaintiffs, by reason of negligence, have lost the opportunity of enforcing them.

The Locomobile Company of America took its title with knowledge that there might be rights like those of these plaintiffs, and left the enforcement of them to be resisted by the defendant Foss, and took protection from him against the consequences of their being asserted and upheld. It stands no better than the defendant Foss in these suits.

The cases properly call for relief by injunction.

*Decrees affirmed with costs.*