FRANK A. NOYES *vs.* MILTON L. CUSHING & others.

Suffolk.    January 18, 19, 1911. — May 19, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Equitable Restrictions.    Equity Pleading and Practice,* Decree.

A restriction, imposed by the owner of a number of lots in a tract of land on a certain street in furtherance of a general scheme for the benefit of them all, that no building "shall ever be erected within fifteen feet of" the line of the street "and no mechanical shop, livery stable, or store shall ever be erected or used on said parcel which shall be detrimental to the use of this locality for dwelling houses," does not prevent as matter of law the erection upon one of the lots of a building which is not a dwelling house and which is used as a place of storage of merchandise not brought to or taken from the building over the street in question, and also for the storage of automobiles, but not as a garage.

At the hearing in the Superior Court of a suit in equity by the owner of a lot of land upon a certain street against the owner of an adjoining lot to enforce a restriction, applying to all the lots on the street, that no building "shall ever be erected within fifteen feet of" the line of the street "and no mechanical shop, livery stable, or store shall ever be erected or used on said parcel which shall be detrimental to the use of this locality for dwelling houses," the evidence was conflicting, and findings were warranted that the defendant was proposing to erect on his lot a building to be used in connection with a store maintained by him on an adjacent and parallel street. The presiding judge ordered a decree enjoining the defendant from using the proposed building as a store for the sale of goods on the street upon which it stood, but permitting him to use it for the storage of merchandise and as a "garage for the storage of automobiles or as a storage warehouse." On appeal by the plaintiff it was *held,* that the use of the

building as a "garage for the storage of automobiles" would or might be detrimental to the use of the street for dwelling houses, and that the decree should be modified by striking out that part of it, the defendant being given leave to apply to the Superior Court to have the decree include a provision, if that court saw fit, permitting the use of the building for the storage of automobiles but not as a garage; and it was *further held* that the decree should be modified further by enjoining the defendant from using the building for the reception and delivery of goods to be sold in the store on the adjoining street, and from using the street on which the proposed building was to stand for the transportation of goods and merchandise in connection with such store.

MORTON, J.   The plaintiff and the defendants are owners of adjoining lots on Creighton Street in Cambridge, each of which, in common with other lots on Creighton Street, is subject to the following building restrictions, namely: "No building shall ever be erected within fifteen feet of said line of Creighton Street, and no mechanical shop, livery stable, or store shall ever be erected or used on said parcel which shall be detrimental to the use of this locality for dwelling houses."

This is a bill to restrain and enjoin the defendants from erecting a building on their lot in violation of these restrictions. There was a decree * restraining the erection of a building within fifteen feet of Creighton Street and enjoining the defendants from using the building as a store for the sale of goods on Creighton Street, but permitting them to use the building for the storage of hay, grain and other materials or as a garage for the storage of automobiles or as a storage warehouse. The decree also restrained the defendants from using Creighton Street to haul hay or straw to and from said building. The plaintiff appealed from the decree. The evidence was taken by a commissioner and is all before us.

The defendants own an elevator and store on Regent Street which is next southerly from and parallel to Creighton Street, where they deal in hay, grain, straw, flour and other products. The lot on Creighton Street adjoins in the rear their premises on Regent Street and the building on Creighton Street is intended to be used in connection with the store on Regent Street for storing hay, grain, flour and other things that the defendants deal in. The great bulk of deliveries, — ninety per cent, one witness testified, — will be made from the store on Regent Street. But there was testimony tending to show that some

---

* After a hearing, by *Richardson*, J.

deliveries might be made from the building on Creighton Street. The evidence tended to show that Creighton Street is and always has been almost entirely a residential street; and the presiding judge must be deemed to have found that, as alleged in the bill, the restrictions upon the lots of the plaintiff and of the defendants were imposed as a part of a general scheme for the benefit of other lots on Creighton Street, and that the plaintiff was entitled to enforce such restrictions against the defendants. He must also be deemed to have found that there had been no such change in the locality intended to be benefited by the restrictions as to render it inequitable to enforce them. If the question of the correctness of these findings is open, we do not see how it can be said that they were plainly erroneous. The plaintiff does not find fault with them, as indeed he could not, but he contends that according to the proper construction of the restrictions only a building intended for a dwelling house can be erected on the defendant's lot, or, if that is not so, that the building in question which, we infer, has been erected in the main as planned since the decree was entered, is or may be " detrimental to the use of the surrounding locality for dwelling houses," and for that reason should be removed.

The restrictions, while forbidding the use or erection of a building for a " mechanical shop, livery stable, or store," contain no express provision limiting the use of the lot to the erection of a building for a dwelling house. On the contrary the implication from the provision that no building " shall ever be erected or used on said premises which may be detrimental to the use of the surrounding locality for dwelling houses " is that a building of a different character may be erected so long as it or the use to which it is put will not be detrimental to the use of the surrounding locality for dwelling houses. It was no doubt expected that the effect of the restrictions would be to impose upon the locality to which they applied a residential character. But in the absence of anything in them limiting the buildings to be erected to dwelling houses we do not see how the restrictions can be so construed.

The question whether the erection of such a building as the defendants have erected and whether its use for the storage of hay, grain, flour and other merchandise which they deal in

would be detrimental to the use of the surrounding locality for dwelling houses is largely if not wholly one of fact. The presiding judge found apparently that the building and the use of it as contemplated would not be detrimental if the building was not to be used as a store and goods and merchandise were not to be hauled through Creighton Street to and from it. The evidence upon the subject was contradictory, and it plainly cannot be said, we think, that his finding was wrong. We think, however, that the use of the building as a garage for the storage of automobiles would or might be detrimental to the use of the street for dwelling houses, (see *Daly* v. *Foss*, 199 Mass. 104; *Evans* v. *Foss*, 194 Mass. 513,) and that the decree should be modified by striking out that part of it, with leave to apply to the Superior Court to have the decree include a provision, if it sees fit, permitting the use of the warehouse for the storage of automobiles but not as a garage. We think that it should also be modified so as to restrain and enjoin the defendants not only from using said building as a store for the sale of goods on Creighton Street and from transporting merchandise to and from said building through Creighton Street, but also from using said building as a store for the reception or delivery of goods sold or to be sold in the Regent Street building, and from transporting goods and merchandise through Creighton Street in connection with the Regent Street store. As thus modified the decree will be affirmed.                    *So ordered.*

*W. A. Hayes*, for the plaintiff.
*H. I. Cummings*, for the defendants.