WOLF ZIMMERMAN & another *vs.* BESSIE FINKELSTEIN.

Suffolk.    February 25, 1918. — April 8, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Pleading and Practice,* Necessary parties. *Equity Jurisdiction,* Mandatory injunction. *Way,* Private.

The owner of the fee in a passageway on which his building abuts may maintain a suit in equity against the owner of a building on the opposite side of the passageway for a mandatory injunction ordering the defendant to remove from his building fire escapes overhanging the plaintiff's land, without joining as parties other persons who have rights of way in the passageway but have no interest in the fee.

·BILL IN EQUITY, filed in the Superior Court on October 14, 1915, by the owner of the estate numbered 34 on North Russell Street in Boston, including the fee in the adjoining four foot passageway called Russell Place, against the owner of the building numbered 32 on North Russell Street and adjoining the other side of Russell Place, to restrain the defendant from trespassing upon the plaintiffs' land and for a mandatory injunction ordering the defendant to remove certain fire escapes projecting over and upon the plaintiffs' land.

The defendant demurred to the bill, the first ground assigned for demurrer being as follows: "That the plaintiffs are tenants or owners in common with others entitled to use Russell Place, that the nuisance, if any, is being committed by the defendant, is detrimental and injurious to Russell Place, the property of the plaintiffs and their co-owners or co-tenants, that the co-tenants or co-owners, having a community of interest in the subject matter of this suit, should be made parties hereto." ·

The demurrer was argued before *Morton,* J., who made an order overruling the demurrer, and the defendant appealed from the order.

The defendant then answered, and the case was referred to a master, who filed a report.   Later the case was heard by *J. F. Brown,* J., upon a motion by the plaintiffs for a decree confirming the master's report, and the judge made an interlocutory decree that

the master's report be confirmed. By order of the judge a final decree was entered ordering the defendant to remove from the passageway known as Russell Place described in the bill "the fire escapes attached to the defendant's building and hanging over and upon said passageway." The defendant appealed.

The case was submitted on briefs.

*J. F. Lynch,* for the defendant.

*A. Stoneman, A. G. Gould & D. Stoneman,* for the plaintiffs.

CROSBY, J. The plaintiffs and the defendant are owners of adjoining real estate on North Russell Street in the city of Boston. There is a passageway between the buildings owned respectively by the parties, and this bill is brought to restrain the defendant from maintaining fire escapes on the passageway. The case was referred to a master, who found that the fee in the passageway was owned by the plaintiffs and that the maintenance of the fire escapes by the defendant was without right. He further found that certain easements in the passageway were owned by others as appurtenant to a parcel of real estate at the westerly end of the passageway.

The demurrer to the bill was overruled, and the defendant appealed. An interlocutory decree confirming the master's report was entered, and also a final decree ordering the defendant to remove the fire escapes from her building, from which decree the defendant has appealed.

On this record, the only question of law argued by the defendant is whether the demurrer should have been sustained because of the non-joinder of other parties having easements in the passageway. All other questions are deemed to have been waived by the defendant, but in reaching this conclusion it may be stated that the plaintiffs are entitled to the relief which they seek on the facts as found by the master upon the evidence, all of which is not reported.

"Generally, when several persons have a common interest in the subject matter of the bill, and a right to ask for the same remedy against the defendant, they may properly be joined as plaintiffs." *Cadigan* v. *Brown,* 120 Mass. 493, 494. Such joinder of parties in many cases will prevent a multiplicity of suits and enable a court of equity to administer justice to all the interested parties; but in the case at bar the plaintiffs were not required to

join the other persons as parties to the bill as they were interested only as owners of an easement in the passageway, and it does not appear upon the record that their rights have been so interfered with as to be entitled to equitable relief, while on the other hand the plaintiffs as owners of the fee in the passageway are entitled to a decree for the removal of the fire escapes if they are maintained unlawfully, as the master has found.. *Cadigan* v. *Brown, supra. Parker* v. *Nightingale,* 6 Allen, 341. *Ballou* v. *Hopkinton,* 4 Gray, 324.

If, as the plaintiffs allege and the master has found, the fire escapes are maintained upon their land unlawfully and they are entitled to their removal, there was no occasion for making others having easements in the way parties to the suit, as it is apparent that complete justice may be done between all parties interested, in one suit. The cases cited and relied on by the defendant are not contrary to the conclusion reached, but are in accord with it. The demurrer was rightly overruled, and the entry must be

*Decree affirmed with costs.*