ROBERT A. LACENTRA *vs.* ANTONIO VALERI.

Middlesex.   January 9, 1923. — March 6, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Equitable Restrictions.   Equity Jurisdiction*, To enforce equitable restrictions. *Equity Pleading and Practice*, Decree.

The owner of a lot of land which is a part of a tract laid out on a recorded plan and subject to restrictions for the common benefit of all the lots, which were to remain in force until January 1, 1925, and no longer, and were to the effect that "All buildings erected . . . shall be of good class . . . . No buildings erected or placed on said lot shall be used for a livery stable, carpenter shop, white or blacksmith shop or for any foundry, manufacturing or mechanical business or for any business or trade which shall be offensive to the neighborhood for dwelling houses . . . . Said lots shall not be used to excavate the soil for the removal thereof except for the purpose of building a dwelling house or outbuilding thereon," may maintain a suit in equity to enjoin the owner of another of the lots subject to the same restriction from building thereon a shed, not of a good class, and using it and the sand on the lots for the manufacture of brick blocks, although the owner of the premises said to the defendant when he purchased the lots "that if any objection was made to digging sand and gravel on the said lots the objection would not come from him," and few buildings had been erected on the tract and some of them were somewhat shabby, and the restrictions had but a few years to run.

A master to whom the suit above described was referred was unable to find the amount of damages sustained by the plaintiff, if any, and this court, upon reservation of the suit, ordered a decree to be entered directing the defendant to remove the shed from the premises; forbidding him from carrying on

the business of manufacturing building blocks from the sand and gravel taken from the lot and from removing the sand for the purpose of manufacturing building blocks for sale; and ordering him to fill in the land, which had been excavated in violation of the restrictions in his deed, to a level with the rest of the land.

BILL IN EQUITY, filed in the Superior Court on November 15, 1921, to restrain the defendant from alleged violations of certain equitable restrictions described in the opinion.

The suit was referred to a master who filed a report containing findings to which no objections or exceptions were made and which, so far as material, are described in the opinion. The suit afterwards was heard upon the master's report by *Keating,* J., by whose order in accordance with the agreement of the parties an interlocutory decree was entered confirming the master's report. Later the suit came on to be heard before the same judge upon the bill, answer and master's report and with consent of the parties was reserved by him for determination by this court.

*J. L. Edwards,* for the plaintiff.

*D. H. Fulton,* for the defendant.

CARROLL, J. The owner of a tract of land divided into several lots as shown on a plan recorded in the registry of deeds, conveyed to the plaintiff's grantor lot No. 171, "with the benefit of and subject to the following restrictions, which shall remain in force until January 1, 1925, and no longer, and which grantor agrees shall apply to all the lots on said plan except the lots thereon numbered" 193 to 197 (which were to be restricted as determined at the time of sale):

"1. All buildings erected . . . shall be of good class."

"3. No buildings erected or placed on said lot shall be used for a livery stable, carpenter shop, white or blacksmith shop or for any foundry, manufacturing or mercantile business or for any business or trade which shall be offensive to the neighborhood for dwelling houses.

"4. Said lots shall not be used to excavate the soil for the removal thereof except for the purpose of building a dwelling house or outbuilding thereon."

The defendant became the owner of lots 141, 142, 143 on the said plan, subject to the same restrictions. After he acquired the property, he began using the sand for the making of concrete

blocks. He built a shed upon the premises which the master finds is not of good class within the meaning of the restriction, and is not a dwelling house, but is used for the purpose of manufacturing these blocks. It was also found that the defendant excavated the sand and gravel, not to build a dwelling house or outbuilding, but for the purpose of using most of the excavated material for the manufacture of building blocks. No exceptions were taken to the master's report; an interlocutory decree was entered confirming it, and the case was reserved for determination by this court, final decree to be entered as justice and equity might require.

The owner of the land, as a part of the general scheme for its improvement, inserted in each deed by which he conveyed the lots mentioned in the plan (except lots numbered 193 to 197) the same restrictions as those contained in the deeds to the defendant and the plaintiff's predecessor. These provisions were for the benefit of all the grantees, including the plaintiff, and he can enforce them in equity against the defendant. *Whitney* v. *Union Railway*, 11 Gray, 359. *Hano* v. *Bigelow*, 155 Mass. 341. *Hills* v. *Metzenroth*, 173 Mass. 423. *Bacon* v. *Sandberg*, 179 Mass. 396, 398. *Evans* v. *Foss*, 194 Mass. 513.

The shed erected on the defendant's lot was used for manufacturing. It was of the class prohibited by the restrictions. The defendant also used the sand on the premises for manufacturing, in violation of the restrictions. The plaintiff's rights are not affected by the fact that the owner of the premises said to the defendant when he purchased the lots, "that if any objection was made to digging sand and gravel on the said lots the objection would not come from him." See *Sprague* v. *Kimball*, 213 Mass. 380. We find no reason why the restrictions should not be enforced in favor of the plaintiff. The fact that the restrictions expire in 1925, that few buildings have been erected on the tract and some of them "somewhat shabby," affords no ground why the defendant should not be restrained. The case of *Loud* v. *Pendergast*, 206 Mass. 122, is not applicable.

The master was unable to find the amount of damages sustained by the plaintiff, if any. A decree is to be entered directing the defendant to remove the shed from the premises; forbidding him from carrying on the business of manufacturing building

blocks from the sand and gravel taken from the lot; from removing the sand for the purpose of manufacturing building blocks for sale; and ordering him to fill in the land, which has been excavated in violation of the restrictions in his deed, to a condition level with the rest of the land, in accordance with the first and second prayers of the plaintiff's bill, with costs.

*So ordered.*