LUCINDA D. DORR & others *vs.* THOMAS HARRAHAN.

A lot of land was conveyed subject to a restriction that no building should be erected thereon except a dwelling-house, and that said building, when erected, should not be occupied for the purpose of carrying on any .offensive trade or calling whatever. *Held*, that it was a violation of the restriction for the grantee to build a dwelling-house on the lot, and then use the lower story as a grocery; and that such use would be restrained by injunction.

BILL IN EQUITY, filed June 3, 1868, by the original owners of a tract of land on Davis Street in Boston, comprising nine lots, and by the present owners of six of the lots, for themselves and in behalf of those owners of the other lots who might join in the suit, to enforce against the defendant, who was owner of one of the lots, the original restrictions subject to which all the lots were conveyed. Upon the filing of the bill, an interlocutory injunction was issued ; and the following case was afterwards reserved by *Colt*, J., for the determination of the full court.

It was agreed by the parties, that the original owners of the tract caused it to be laid out in lots, and agreed among themselves that no buildings should be erected on said lots, except dwelling-houses of uniform height and of not less than three

stories, and the exterior walls of the same should be of brick, stone or iron, and said houses should be set back from the line of Davis Street not less than seven feet (except outbuildings in the rear of the main houses) and no buildings thus erected should be occupied for the purpose of carrying on any offensive trade or calling whatever, and, in selling the lots, they would insert in the conveyances thereof restrictions conforming to said agreement; that, having advertised all the lots for sale on April 14, 1856, they sold seven of them by auction, the auctioneer stating that all the lots would be subject to the restrictions above-mentioned; that on May 5, 1856, they conveyed the seven lots so sold and also another lot, by deeds containing the above restrictions; that valuable houses were built on all said lots in conformity with the restrictions, and were always used as dwellings; that on April 22, 1859, the original owners conveyed the remaining lot to the defendant, by a deed containing the following provision : " This conveyance made subject to the following restrictions; that no building is to be erected on said lot, except a dwelling-house of uniform height with the other houses on the other lots shown on the plan, [being said eight other lots,] and not less than three stories, and the exterior walls to be of brick, stone or iron, and to be set back from the line of Davis Street at least seven feet, except outbuildings in the rear of the main house ; and said buildings, when erected, are not to be occupied for the purpose of carrying on any offensive trade or calling whatever."

It was further agreed that the defendant knew at the time of his purchase that all the lots were subject to said restrictions; " that, a short time before the filing of the bill, the defendant determined to erect a building on his lot, set back from the street the required distance, the upper stories of which were intended by him to be used and constructed as a dwelling-house, and the first story and basement of which were intended by him to be used as a retail grocery store, and constructed as such; that, at the time of learning of the defendant's intention, and before filing the bill, the plaintiffs gave notice to the defendant, and requested him to desist from erecting his building, but he de-

clined to do so; that, at the time of the filing of the bill, he had prepared his plan, laid the foundation, and just commenced the superstructure of the building; that, after the injunction had been issued, the defendant erected on his lot a brick and stone building, set back the requisite distance from the street, the first story of which had but one room; that the stories of the building above the first were constructed as a dwelling-house, and the defendant proposed to use them as such, for the residence of himself and his family; that the room comprising the first story was separated by a sheathed partition from the rest of the building, and had no entrance to the rest of the building, except through a door leading into a passageway, which passageway was in the rear of the first story; and that there was an entrance from the inside of the first story to the cellar, and the cellar had a doorway and steps leading into it from the street, large enough to admit the passage of hogsheads and barrels."

The plaintiffs contended that the defendant had, in erecting his first story, already erected and built a store, and denied that he had any right to erect or construct or use any part of the building or cellar as a store.

The defendant (who, in his answer, had admitted that it was originally his purpose to occupy and use the main house as a residence, and to use a room in the lower story as a place in which to sell goods, in his business as a retail grocer) contended that he had not erected the first story as a store, but had finished it up to a point from which he could complete it either as a store or dwelling; and stated that he was awaiting the decision of the court, intending to complete the first story and cellar as a store, to be used as a retail grocery store, if he had the right to do so, and if he had not the right to do so, intending to complete the first story and cellar as a dwelling as usually constructed, and then to use the first story and cellar for the sale of groceries.

The parties agreed upon the facts, without prejudice to any question as to whether the defendant had complied with the injunction.

*J. D. Ball*, for the plaintiffs.

*A. A. Ranney,* for the defendant.

AMES, J. This case closely resembles in many respects the preceding one of *Linzee* v. *Mixer, ante,* 512, and falls within the same rule. The grantee in each case holds only a qualified and limited title, and is carefully restricted as to the kind of building that he shall erect, and the use that he shall make of it. In each case, he is endeavoring to get rid of the condition which made a material part of the title that he purchased and accepted, and to acquire a larger title than his deed gives him. In this case, there has been nothing on the part of the grantors bearing any resemblance to acquiescence, and there is no suggestion that they have been guilty of any laches that should interfere with the enforcement of their rights.

The defendant insists that such conditions and restrictions in a deed are not to be favored, and that they are not to be extended, by implication, beyond the most bare and literal interpretation of the terms in which they are expressed. He admits that, by the deed, he can build nothing but a dwelling-house; but he also insists that he is at liberty to change this dwelling-house, when built, into a place of business. The deed provides, that the " buildings, when erected, are not to be occupied for the purpose of carrying on any offensive trade or calling whatever;" and he claims that, under a literal construction of this expression, he may establish a grocery in his dwelling-house, provided it be conducted, as it may be, in an inoffensive manner. But this mode of dealing with the condition deprives it of all force whatever, and seems to us to be a mere evasion. There is nothing in the condition that appears to be unreasonable, or contrary to the policy of the law; and there is no reason for doing violence to the language in which it is expressed, or perverting its true meaning. Some kinds of industry might be carried on in a dwelling-house without any inconvenience whatever to the neighborhood. The house might be occupied by a physician or a lawyer, perhaps by a chemist or photographer, and a portion of it set apart as an office or place of business, without any offence or objection. All this would be allowable under the deed. But to change a dwelling-house into a grocery, a work-

shop, or a market, would be a very different matter. The condition cannot fairly be construed as having any other meaning than to prescribe the kind of building that shall be erected, and the manner in which it shall be used and occupied. Even if the bald and literal construction contended for by the defendant could be sustained, it is by no means certain that under his answer it would be of any avail to him. He admits that in building his house he had it in view to finish a part of it for use as a grocery.

*Injunction made perpetual, with costs for the plaintiffs.*