## Benjamin P. Ware *vs.* Elizabeth M. Smith.

Suffolk.   December 3, 1891. — March 31, 1892.

Present: Holmes, Morton, Lathrop, & Barker, JJ.

*Restriction in Deed — Acquiescence.*

Where the plaintiff conveyed land subject to the restriction that it should be occupied only for a private dwelling-house, it was *held* that the plaintiff's acquiescence in the actual occupation of the land for two dwellings, his knowledge and approval of the changes which the defendant proposed to make, and the change in the defendant's situation induced by the plaintiff's conduct and words, made it unjust to permit the plaintiff to enforce the restriction against the defendant, even if it was to be construed as the plaintiff claimed.

Bill in equity, filed on November 23, 1887, to enjoin the defendant from placing a dwelling-house on a certain portion of a parcel of land while there was a dwelling-house on another portion of the same.   At the hearing in this court, before *Knowlton, J.*, the following facts appeared.

In June, 1874, the plaintiff conveyed a parcel of land in fee simple to one Waterman, by a deed containing the following provisions: " This conveyance is made subject to the restriction and obligation, to be binding upon the said Waterman, his heirs and assigns, and all persons who shall ever hold the granted premises, that said premises shall be used and occupied only for a private dwelling-house, with the grounds, barn, shed, or other out-buildings properly and ordinarily connected with a private seaside dwelling-house, and for no purposes of business or trade nor in any manner impairing the fitness for pleasant and healthful seaside residence of the neighboring land of the grantor," meaning the plaintiff, " his heirs and assigns, conveyed to the grantor by Erastus Ware and lying southeast of Atlantic Avenue, whether such land shall be held by the grantor or by any persons deriving title from him."

Within a month or two thereafter Waterman built a dwelling-house on the southeasterly portion of the lot, and within a year or two after that another dwelling-house on the northwesterly portion.   Waterman conveyed in fee simple to one Caroline M. Barnard the southeasterly portion, and in 1885 it was conveyed

with the dwelling-house to the defendant, also in fee simple. The northwesterly portion, with the dwelling-house, had been previously conveyed to one Trull. Both deeds were subject to the restrictions in the deed of 1874 from the plaintiff to Waterman. In November, 1887, the defendant proposed to move her house on to an adjoining lot, intending to erect a new house on the old site; of all of which the plaintiff approved. Up to this time, the plaintiff, who had lived near by, had never objected to the erection of either of the two houses upon the lot conveyed by him to Waterman in 1874. After the removal, the defendant received a notice from the plaintiff claiming that, under the restrictions in his deed to Waterman, only one dwelling-house could be erected on the land therein described, and insisting that her lot should not be occupied by another dwelling-house. Before receiving this notice, the defendant had contracted with a builder to remove the old house and build a new one, and at the time of receiving the notice the builder was proceeding with the work. At the time of the filing of the present bill no part of the house had been erected, though post-holes had been dug, the timber had been partly framed, and some of it was on the land. The new house as completed covered a little more land, was a little higher, and a better structure than the old, and it slightly limited the view of the sea from the plaintiff's land, and increased the value of his property.

The presiding justice dismissed the bill, with costs; and the plaintiff appealed to the full court.

*D. E. Ware,* for the plaintiff.

*S. Hoar,* (*W. Sullivan* with him,) for the defendant.

MORTON, J. Even if we adopt the construction of the restriction in the deed from the petitioner to Waterman for which the former contends, we do not see that it will help him. That deed was made and delivered in June, 1874. Within a month or two after the conveyance, Waterman built a dwelling-house on the southeasterly portion of the lot. Within a year or two after that, he built another dwelling-house on the northwesterly portion of the lot. Waterman conveyed the southeasterly portion of the lot with the dwelling-house to one Caroline M. Barnard, in fee simple, and in 1885 it was conveyed with the dwelling-house to the defendant, also in fee simple. Before this

the northwesterly portion had been conveyed with the dwelling-house to one Trull. The deeds of these two parcels were subject to the restrictions in the deed from the petitioner to Waterman. About November 1, 1887, the defendant proposed to move her house on to a lot near by belonging to her husband, intending to erect a new and better house on its site. The plaintiff was informed of her purpose, and expressed his approval of the change, and the defendant went on and moved the house. After it was moved, the defendant received from the plaintiff a notice claiming that, under the restrictions in his deed to Waterman, only one dwelling-house could be erected on the land therein described, and insisting that her lot should not be occupied by another dwelling-house. Up to this time, although the plaintiff lived near by and saw the two dwelling-houses while being built and knew of the occupation of them and of changes and repairs made by the defendant, he had never made any objection to the erection or maintenance of either of them. Before receiving this notice the defendant had made a contract with one Lambertson to remove the old house and build a new one, the whole to be done for a round sum, and at the time when the defendant received notice Lambertson was proceeding with the work of building the new house. The bill in equity in this case was filed on November 23, 1887, and at that time no part of the house had been erected, though post-holes had been dug for the new building, and the timber had been partly framed, and some of it was lying on the land. The defendant completed the new house substantially as originally proposed, and though it slightly limits the view of the sea from some parts of the plaintiff's land, it has increased the value of his property. The new house covers a little more land, is a little higher, and is a better structure than the old one.

We do not think that upon these facts the plaintiff is entitled to the relief which he seeks. His delay, his acquiescence in the actual occupation of the land for two dwellings, and in the changes which the defendant proposed to make with his knowledge and approval, and the change in the defendant's situation which has been induced by his conduct and his words, have been such that obviously it would be unjust and inequitable to permit him to enforce the restriction against her, even if it is to be

construed as he contends.   *Tash* v. *Adams,* 10 Cush. 252.   *Whitney* v. *Union Railway,* 11 Gray, 359.   *Royal Bank of Liverpool* v. *Grand Junction Railroad,* 125 Mass. 490.   *Starkie* v. *Richmond,* 155 Mass. 188.   *White's Bank* v. *Nichols,* 64 N. Y. 65.   *Moore* v. *Rawson,* 3 B. & C. 332.   *Sprague* v. *Steere,* 1 R. I. 247.

*Decree affirmed.*