WILLIAM M. PREST *vs.* MARY J. ROSS.

Suffolk.    March 26, 1923. — May 25, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, & CARROLL, JJ.

*Equitable Restriction.    Hospital.    Nuisance.*

The connecting of two contiguous houses in a restricted district in a city, where houses were constructed on substantially similar plans, by an opening on the first floor, cut through the partition wall and closed by an iron door, and the maintenance in the two houses of a lying-in hospital with operating rooms and nurses' quarters, did not constitute a violation of restrictions in deeds of the lots upon which the houses were situated, which were imposed for the purpose of establishing a fine residential district and which among other things provided that "No buildings other than dwelling-houses (which word shall include club houses) with the usual out buildings appurtenant thereto, shall be erected, placed or used upon the said land. . . . No building erected on this land shall be used as an apartment house, family hotel or flats, or in design or construction be fitted for occupancy by more than one family. . . . No building erected on said land shall be used for any manufacturing, mercantile or mechanical purposes."

The owner of a house adjoining the two above described cannot maintain a suit in equity to enjoin the maintenance of the hospital as a nuisance, if it appears that the hospital is of a high grade, is well conducted, and is frequented by physicians and surgeons of repute; that its equipment, apparatus and general practice are of the highest grade and compare favorably with the best hospitals of similar size and character; that certain sights, sounds and smells which disturbed the plaintiff were for the most part what might be expected from any well regulated hospital; and if it does not appear that such incidents had been unusual or extraordinary or substantially abnormal when considered in connection with the conditions necessarily present in the operation of the hospital.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on August 18, 1921, and afterwards amended, seeking to enjoin the defendant from maintaining and using the buildings numbered 167 and 169 on Bay State Road in Boston as a hospital.

The suit was referred to a master. Material facts found by the master without a report of the evidence are described in the opinion. A single exception was filed by the defendant. The suit was heard by *Pierce*, J., who ordered the entry of an interlocutory decree, overruling the defendant's exception to the master's report and confirming the report, and of a final decree dismissing the bill, and at the plaintiff's request reported the suit for determination by the full court.

*C. S. Hill*, for the plaintiff.

*G. L. Barnes*, (*P. R. Dunbar* with him,) for the defendant.

BRALEY, J. The plaintiff owns and occupies as a dwelling house the premises numbered 165 on Bay State Road, while the defendant owns the premises numbered 167 and 169. The houses are built on substantially similar plans, each house having on every story, except the basement and attic, a bay window in front and in the rear. The several estates were subject to certain restrictions created by a common grantor which the master states " were imposed for the purpose of establishing a fine residential district," and so far as material they are as follows:

" 1st — No buildings other than dwelling-houses (which word shall include club houses) with the usual out buildings appurtenant thereto, shall be erected, placed or used upon the said land. Such out buildings shall be erected only on the Southerly side of said twenty foot street or way and no portion of said out buildings shall be higher than eight feet above the grade of the street in front of the premises hereby conveyed. No stable of any kind, private or otherwise, shall be erected or maintained on any portion of said land. No building erected on this land shall be used as an apartment house, family hotel or flats, or in design or construction be fitted for occupancy by more than one family.

" 2nd — No building erected on said land shall be used for any manufacturing, mercantile or mechanical purposes."

The defendant connected her houses which are contiguous by an opening on the first floor, cut through the partition wall, and closed by an iron door, where when the bill was filed and for sometime prior thereto, she had maintained a private hospital. The plaintiff's first contention is that the maintenance of the hospital is prohibited by the restrictions, because the buildings are no longer occupied as single family dwellings. The opening however wrought no change in the internal structure of the buildings any more than if another entrance and exit had been opened into Bay State Road, or to out buildings. The words " dwelling-houses " in the restrictions mean a home intended for human habitation. *Surman* v. *Darley,* 14 M. & W. 181, 183. But even if in design and construction the houses were fitted for occupation by one family, the opening was merely a convenient mode of using both estates in common. The house at 167, the entrance to which from the street was not used, was occupied "chiefly as a rooming house for nurses," and under circumstances of emergency patients also were accommodated and some minor operations were performed. The dining room for nurses, and reception room where nurses received their friends, the rooms regularly used for patients, and the operating room on the fourth floor in the rear where operations are usually performed, and where all food for nurses and patients is prepared and served, and the defendant, the nurses and the houseman sleep, are in 169.

It was held in *Carr* v. *Riley,* 198 Mass. 70, 75, where the restrictions in question were construed, that they were not violated by the owner fitting up an operating room therein and using it for a hospital. " In internal structure the house is still fitted for occupancy by only one family," and that such use was not for manufacturing, mechanical or commercial purposes.

If the defendant in the case at bar used both estates in conducting the hospital as well as a residence, it is immaterial whether the room occupied by her personally was in one or the other building as she might from time to time select. We find nothing in the restrictions forbidding a purchaser of two lots from building one dwelling thereon

covering both lots, or where single houses already have been built on adjacent lots, forbidding the purchaser to unite them by such intermediate construction as he pleases, so that the combined buildings shall constitute his residence or dwelling. The structure is still a single house on each lot. We are not prepared to overrule *Carr* v. *Riley*, as urged by counsel for the plaintiff, and accordingly the record fails to show any violation of the restrictions.

The plaintiff further contends, that the hospital as conducted is a private nuisance, the continuance of which a court of equity will enjoin. The master finds, that noise from automobiles bringing patients, visitors and doctors to the hospital, the fumes of ether, the cries of babies and young children, and of older persons, inmates of the hospital, or noises indicating pain, anguish or mental disturbance, the observation by members of his household of patients in bed, the occasional arrival and departure of ambulances, the ringing of the plaintiff's door bell, and the leaving of flowers and fruit intended for patients by persons who mistake his residence for the hospital, have frequently been " extremely annoying, disturbing, and offensive to the plaintiff and his family; have caused them great discomfort; . . . and have rendered his house less desirable as a residence than it otherwise would have been." But there is no finding that any of these incidents have been unusual or extraordinary, or substantially abnormal when considered in connection with the conditions necessarily present in the operation of the hospital, which of itself would not be a nuisance. *Barry* v. *Smith*, 191 Mass. 78. *Cook* v. *Fall River*, 239 Mass. 90. It is found that it accommodates twenty-three or twenty-four patients, and that the rooms regularly occupied by patients and the room where operations are usually performed are in 169 for the use of which as a lying-in hospital the defendant holds " a valid license " from the city. Spec. St. 1919, cc. 32, 163. *Kineen* v. *Lexington Board of Health*, 214 Mass. 587, 592. *Belmont* v. *New England Brick Co.* 190 Mass. 442, 445. The legislative sanction however is subject to the qualification that the business must be conducted " without negligence or unnecessary disturbance of the rights of others." *Sawyer*

v. *Davis,* 136 Mass. 239, 242. A hospital is generally re-
garded as of great usefulness, if not a necessity in modern
urban communities. It may be said, that such an institu-
tion properly equipped, and efficiently conducted, is in the
interest of the public welfare. It is common knowledge,
that if the service hospitals are organized to render is to be
prompt and effective, they must be conveniently accessible
to patients, surgeons and physicians, and where the use of
property for this purpose is not shown to be unreasonable,
or in excess of conditions reasonably necessary, injunctive
relief ordinarily will not be decreed nor damages awarded.
*Wade* v. *Miller,* 188 Mass. 6. *Stevens* v. *Rockport Granite Co.*
216 Mass. 486, 488. *McCann* v. *Strang,* 97 Wis. 551. *Vall*
v. *Ray,* L. R. 8 Ch. 467. The evidence is not in the record,
and the master in closing his report, after stating all the
material facts to which sufficient reference has been made,
finds, " that the hospital . . . is of a high grade, well con-
ducted, and is frequented by physicians and surgeons of
repute; that its equipment, apparatus, and general practices
are of a high grade and compare favorably with the best
hospitals of similar size and character; that the sights,
sounds, and smells which have disturbed " the plaintiff " are
for the most part, what might be expected from any well
conducted hospital."

The defendant had the right to establish and carry on
the hospital, and those in need of medical or surgical aid
had the right to resort thereto for treatment and relief.
*Wyeth* v. *Cambridge Board of Health,* 200 Mass. 474, 478.
The defendant not having been shown to be using her prop-
erty unlawfully, nor having exceeded the reasonable require-
ments for the successful operation of the hospital, is not
chargeable with maintaining a nuisance because what is
being done necessarily causes some inconvenience, discom-
fort and annoyance to the plaintiff, who like all other resi-
dents in the immediate vicinity must submit to the occupa-
tions which may be there carried on, if such occupations
when properly conducted are necessary for the benefit of
the community. *Rogers* v. *Elliott,* 146 Mass. 349, 351.
*Stevens* v. *Rockport Granite Co.* 216 Mass. 486, 490. *Cremidas*

v. *Fenton*, 223 Mass. 249.  *Ballentine* v. *Webb*, 84 Mich. 38.

The exception to the master's report requires no comment.  In accordance with the report of the single justice an interlocutory decree is to be entered overruling them, and confirming the report, followed by the entry of a final decree dismissing the bill.

*Ordered accordingly.*