## COMMONWEALTH *vs.* WALLACE Y. HONG.

Suffolk.    October 19, 1927. — November 21, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Labor*, Employment of female minor. *Restaurant. Words,* "Mercantile establishment," "Work."

The proprietor of a restaurant may be found guilty of a violation of G. L. c. 149, § 66, if he permitted girls under twenty-one years of age to participate in an exhibition of singing and dancing in the restaurant after 10 P.M., although they were not employed nor paid by him, but were employed and paid by one with whom he had a contract for the furnishing of the entertainment.

COMPLAINT in three counts, received and sworn to in the Municipal Court of the Roxbury District of the City of Boston on March 15, 1927, charging the defendant with employing girls under the age of twenty-one years in a mercantile business after 10 P.M.

On appeal to the Superior Court, the complaint was tried before *Fosdick,* J., upon an agreed statement of facts. The judge refused to order a verdict for the defendant. The defendant was found guilty and alleged exceptions.

The case was submitted on briefs.

*J. F. Myron,* for the defendant.

*W. J. Foley,* District Attorney, *& W. I. Schell,* Assistant District Attorney, for the Commonwealth.

SANDERSON, J.    The defendant was found guilty on three counts of a complaint charging him with carrying on a certain mercantile establishment, and employing in the business girls under the age of twenty-one years, and permitting such

girls to work in connection with the establishment after ten o'clock in the evening.

The case was submitted to the jury upon an agreed statement of facts, from which it appeared that the defendant is a member of a partnership conducting an American-Chinese restaurant in Boston, duly licensed to conduct a restaurant and to give entertainments in connection therewith; that he engaged one Sleeper, under contract, to furnish an entertainment; that the girls named in the different counts of the complaint appeared in the defendant's premises and participated in an exhibition of singing and dancing which began at 7 P.M. and continued for about twenty or twenty-five minutes and then again at about 10:30 P.M. and continued for about twenty or twenty-five minutes; that these girls are over fifteen and under twenty-one years of age; that they were under contract with Sleeper and paid by him and that he was present at the time the entertainment was given and supervised and directed it. The defendant excepted to the refusal of the trial judge to direct the jury to return a verdict of not guilty.

The statute in question, G. L. c. 149, § 66, forbids the employment of a girl under twenty-one years of age or permitting her to work in, about, or in connection with any establishment or occupation named in § 60 of that chapter before five o'clock in the morning or after ten o'clock in the evening. Among the establishments or occupations designated in § 60 of chapter 149 are "mercantile establishment[s]."

The words "mercantile establishment" as used in that chapter include "any premises used for a restaurant or for publicly providing and serving meals." G. L. c. 149, § 1. The finding could have been made that the defendant permitted the girls named to participate in the exhibitions. The fact that the performers were employed by an independent contractor is not a defence. The offence was committed if the defendant permitted them to work in his establishment within the prohibited time. The participation by the girls in an exhibition of singing and dancing could be found to be work within the meaning of that word as used in the statute. In *Commonwealth* v. *Griffith*, 204 Mass. 18, 21, the court, in

deciding that the word "work" as used in the statute should be given a broad meaning and that it included the employment of children to take part in theatrical exhibitions, said: "The statute was intended to protect children from employment calling for constant attention, regular effort and physical or mental strain, to accomplish the desired result." See also *Berdos* v. *Tremont & Suffolk Mills,* 209 Mass. 489, 492.

Upon the agreed facts the jury could have found that the defendant permitted minors to work in his mercantile establishment in violation of the statute.

*Exceptions overruled.*