MERRYMOUNT COMPANY & others *vs.* PETER M. EDWARDES
& another.

Suffolk.    January 13, 1928.— April 4, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Equitable Servitude. Equity Jurisdiction,* To enforce equitable servitude.
*Tea Room. Waiver. Equity Pleading and Practice,* Decree. *Words,*
"Mercantile."

The use of the lower floor of a house for a tea room, consisting of a veranda
with twelve tables separated by a glass partition from the kitchen, with
an "announcement card" advertising the serving at all times of lunches,
ice cream, candies and cold drinks, and soliciting afternoon teas and
bridge parties, and with a menu card listing the commodities described
with their prices, is a use for a mercantile purpose within the meaning
of a restriction in a deed to the owner of the premises, "No building
erected or placed on said premises shall be used or occupied for any
mercantile or manufacturing purposes"; and, where the premises are
part of a tract of land, the deeds to all lots of which contained the same
restriction as a general plan for benefit of all lot owners, such use may
be enjoined in a suit in equity against such owner by the grantor and
by the grantees of other lots.

The mere facts, that buildings on other lots subject to the restriction
above described had been used at one time for the purpose of real estate
and insurance offices and a tea room, and that there had been alleged
violations of the restrictions by other lot owners, did not as a matter of
law require a finding that there was a waiver or abandonment on the
part of the plaintiffs of their right to enforce the restriction.

A final decree in the suit above described, enjoining the defendant from
violation of the restriction, and from using any building on his lot for
the sale of food, candies, drinks of various kinds and similar substances,
was too broad, and should be modified by striking out the provision
enjoining "violation of the restriction."

BILL IN EQUITY, filed in the Superior Court on July 11, 1927.

The suit was heard upon a case stated by *Sisk,* J. Ma-
terial facts are stated in the opinion. The deeds of all lots
sold by the Merrymount Company, including those to the
individual plaintiffs, contained the same restrictions as in
the deed to the defendants. The restrictions were placed
upon the lots as a general plan for the benefit of all lot owners.
The opening announcement card of the defendants' estab-

lishment referred to in the opinion contained, among others, the statements, "Light Lunches, Ice Cream, Candies and Cold Drinks will be served at all times . . . ," and "Afternoon teas and Bridge Parties catered to . . . ." The menu card mentioned in the opinion contained a list, with prices, of college ices, sundaes, ice cream sodas, soups, "tea specials," salads, desserts and beverages.

By order of the judge, a final decree was entered enjoining the defendants until January 1, 1930, from violation of the restriction described in the opinion upon their lots "and from using or occupying any building on the lots owned by the defendants . . . for the sale of food, candies, drinks of various kinds and similar or other substances . . . ." The defendants appealed.

*W. B. Leach, Jr.,* (*F. E. Allison* with him,) for the defendants.

*W. J. Kenney,* for the plaintiffs.

CROSBY, J. The plaintiff company was the owner of about five hundred and seventeen lots of land, and the other plaintiffs are owners of lots purchased from the company. The defendants are also owners of two lots purchased from the company by its deed dated October 31, 1925. The deed contained the following restriction: "No building erected or placed on said premises shall be used or occupied for any mercantile or manufacturing purposes." The plaintiffs allege that the defendants, with full knowledge of the restriction, have erected a building on the premises purchased by them and are now using and occupying it for the sale of food, candies, and drinks of various kinds. The case is before us on a case stated.

It appears that on or about June 29, 1927, the defendants opened a tea room on the lower floor of their house; it "comprises a veranda and has twelve tables," eight seating two persons and four seating four persons. "A glass partition separates the kitchen from the tea room proper so that all the cooking and the preparation of the food, etc., can be seen. The character of this tea room may be inferred from the opening announcement card and a menu card," attached to the bill.

The question to be decided is: Is the business carried on by the defendants a violation of the restriction? It is plain that the building is not being used for manufacturing purposes and the plaintiffs do not so contend. Their contention is that it is being used for a mercantile purpose and for that reason the restriction has been violated. The facts stated make it plain that the defendants were using and occupying the building for a commercial purpose. *Carr* v. *Riley*, 198 Mass. 70, 75. Although the precise question involved in the case at bar has not before been decided by this court, it was said in *Friend* v. *Childs Dining Hall Co.* 231 Mass. 65, at page 68: "There is strong ground for holding that the contract made between one who keeps a restaurant and one who resorts there for food to be served and eaten on the premises is a sale of food." After reviewing other decisions of this court and of courts in foreign jurisdictions, it was further said in the case above referred to, at page 69: "In view of these decisions it would be difficult for this court to hold that the transaction arising from a contract to serve to a guest food to be eaten by him upon the premises of the keeper of an eating house, is not a sale." In the case at bar as the food ordered is prepared, cooked and served on the premises, the nature of the business there carried on cannot be distinguished from that of the ordinary restaurant where food is furnished and sold to patrons.

We are of opinion that the business carried on by the defendants was a use of the premises for mercantile purposes. It consisted of a sale of food and beverages to be consumed on the premises and comes within the rule stated in *Friend* v. *Childs Dining Hall Co., supra,* and other cases therein cited. See *Barringer* v. *Ocean Steamship Co. of Savannah,* 240 Mass. 405. G. L. c. 149, § 1. *Commonwealth* v. *Hong,* 261 Mass. 226.

The case of *Toxaway Hotel Co.* v. *Smathers & Co.* 216 U. S. 439, is distinguishable from the present case.

The words of the restriction in the case at bar are free from ambiguity. The facts that a building on a lot subject to the same restriction had at one time been used as a real estate and insurance office which was afterwards abandoned,

that another lot subject to the restriction had been used as a tea room for about three years and was abandoned long before the present bill was brought, and that there had been alleged violations of the restriction by other lot owners, are not sufficient as matter of law to warrant a finding that there was a waiver or abandonment on the part of the plaintiffs of their right to enforce the restriction.

The deeds to the various lot owners in substance provide that the restriction shall be in full force and effect until January 1, 1930, "subject to the right of the Merrymount Company or its successors, by agreement with the grantee or the grantee's heirs or assigns, to qualify the same." There is nothing in the record to show that the restriction in the deed to the defendants has been qualified or modified. Whether or not in any instance the restriction has been qualified does not appear.

As the plaintiffs have not argued that the restriction has been violated otherwise than by the occupancy and use of the building for the sale of food, candies, drinks and similar substances, the decree should be modified by restricting the defendants from such use and occupancy, and when so amended it is to be affirmed.

*Ordered accordingly.*