W. STANLEY TRIPP & another *vs.* HENRY H. FAY & others.

Suffolk.    June 29, 1928. — October 8, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Equitable Servitude.*

The fact that a clubhouse contains a cafeteria, barber shop, tailor shop and smoke shop for use by its members incidental to the use of the building as a clubhouse does not bring the building within the terms of restrictions on the land prohibiting use of any building thereon "for any manufacturing, mercantile or mechanical purposes."

BILL IN EQUITY, filed by the plaintiff Tripp in the Supreme Judicial Court for the county of Suffolk on May 4, 1928, to

enjoin the defendants from erecting a clubhouse in violation of certain restrictions, stated in the opinion, imposed upon land owned by the defendants Fay, Motley and Holmans as trustees.

A petition by the Riverbank Improvement Company to intervene as a party plaintiff was allowed. The defendant Johnson was admitted to have drawn plans and specifications for the clubhouse, working in conjunction with the other defendants.

The suit was heard by *Sanderson,* J., upon an agreed statement of facts, from which it appeared that the plaintiff Tripp and the defendant trustees acquired lots of land from a common parcel and common grantor; that the restrictions were imposed by the Riverbank Improvement Company for its benefit as well as for the benefit of Tripp and the trustees; and that the defendants intended to erect upon their land the clubhouse described in the opinion.

By order of the single justice, a final decree was entered dismissing the bill, and the plaintiffs appealed.

The case was submitted on briefs.

*C. H. McGlue,* for the plaintiffs.

*D. J. Kelley,* for the defendants.

WAIT, J. The plaintiffs now admit that a clubhouse of the description and to be used for the purposes set out in the agreed statement of facts would not offend against the restrictions created in the deed recorded in book 2039, page 469 of Suffolk deeds. They contend, however, that the fact that there will be a cafeteria, barber shop, tailor shop and smoke shop, all inside the clubhouse, for the use of members of the club, so affects the character of the building that it will not be a clubhouse such as is permitted by the restrictions imposed by the deed recorded with Suffolk deeds, book 2696, page 227, and that its use for such purposes is precluded by those restrictions.

That deed requires that "No buildings other than dwelling houses (which word shall include clubhouses) with the usual outbuildings appurtenant thereto shall be erected, placed or used upon the" locus, and that "No building erected on said land shall be used for any manufacturing, mercantile

or mechanical purposes." The restrictions, so far as here pertinent, are identical with those construed in *Carr* v. *Riley,* 198 Mass. 70, in which it was held that they were not infringed by the use of a building, erected as a dwelling house, for a private hospital.

It is agreed that "the building plans and specifications provide for the erection of a clubhouse in the ordinary and commonly accepted use of the term clubhouse and that the said clubhouse will be erected for the use of the club members as the word club is ordinarily and commonly used." It is further agreed that "the defendants do not intend to erect an apartment house or any building for mercantile, mechanical, manufacturing or foundry purposes." These agreements practically dispose of the plaintiffs' contention.

By the terms of the deed clubhouses may be erected and used on the locus. It is common knowledge that clubs supply members with food and tobacco, and furnish accommodations for the care of the person by a barber, and for care of the clothing by a tailor. It is immaterial where it is done within the clubhouse and how it is paid for. Use for such service necessitates certain acts of manufacture, of buying and selling; but, where merely incidental to use of the premises as a clubhouse, it is not a use for "any manufacturing, mercantile or mechanical purpose," within the meaning of the language of the restrictions.

The decree dismissing the bill is supported by the decisions in *Carr* v. *Riley, supra; Prest* v. *Ross,* 245 Mass. 342; *Stone* v. *Pillsbury,* 167 Mass. 332. Compare *Dorr* v. *Harrahan,* 101 Mass. 531; *Evans* v. *Foss,* 194 Mass. 513.

*Decree affirmed with costs.*