DANIEL A. DOYLE & another *vs.* BERKELEY WHEELER & another.

Suffolk.    October 19, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Equitable Servitude. Words,* "Clubhouse."

A proposed building to be occupied only by members of a club, membership in which is restricted to physicians, surgeons and dentists but not contingent upon the occupation of offices, although "preference will be given to those using office space in the building " and membership "will entitle the member to the right to hire space in the said building for use as offices, examination rooms, waiting rooms, etc., in the professional capacity of the member," would not be a "clubhouse" within the ordinary and usual meaning of that term, and would be a violation of a restriction in a deed of land prohibiting the erection thereon of any "building other than dwelling houses (which word shall include club houses) with the usual out-buildings appurtenant thereto."

BILL IN EQUITY, filed in the Superior Court on August 17, 1928, and described in the opinion.

In the Superior Court, the suit was heard by *Williams*, J., upon facts agreed upon, which are stated in the opinion. A final decree was entered granting the plaintiffs the relief sought. The defendants appealed.

The case was submitted on briefs.

*G. P. Davis*, for the defendants.

No argument nor brief for the plaintiffs.

CROSBY, J. This is a bill in equity to enjoin the defendant Wheeler from conveying certain real estate on Bay State Road, in Boston, to the defendant Pearce, except such conveyance be made subject to certain restrictions; and to enjoin the defendant Pearce from erecting a building on the land which the plaintiffs contend is in violation of such restrictions.

The restrictions involved are as follows: (1) "No buildings other than dwelling houses (which word shall include club houses) with the usual out-buildings appurtenant thereto shall be erected, placed or used upon said land. No stable of any kind, private or otherwise, shall be erected or maintained on any portion of said land. No building erected on this land shall be used as an apartment house, family hotel or flats, or in design or construction be fitted for occupancy by more than one family"; and (2) "No building erected on said land shall be used for any manufacturing, mercantile or mechanical purpose." The defendants propose to erect a clubhouse, and contend that it would not violate either of the foregoing restrictions. A final decree was entered in the Superior Court in favor of the plaintiffs, from which the defendants appealed.

In the agreed statement of facts, it is recited that membership in the club is to be restricted to physicians, surgeons and dentists, although such membership is not to be contingent upon the occupation of offices in the proposed building. "Dues will be charged to members apart from any rent paid. Membership in the club is to be necessary for and will entitle the member to the right to hire space in the said building for use as offices, examination rooms, waiting rooms, etc., in the professional capacity of the member.

The rooms will be available for consultation, treatments and minor operations. The membership in the club will be limited by the extent of the club facilities, and preference will be given to those using office space in the building. The office space will be left open and will be subdivided as needed to suit the individual requirements of the member renting space. If a sufficient number of members request it, sleeping accommodations will be furnished, with chambermaid and other normal service." It is also agreed that the proposed clubhouse in size, design, and general construction, will be similar to other club buildings in Boston and in other large cities; and that the proposed club in purpose and in constitution will be similar to other professional clubs.

Apparently in size and external appearance the proposed building would not violate the restrictions. The interior of the building, however, is, in part at least, to be divided into rooms for use as offices, examination rooms, waiting rooms, etc. Although a "clubhouse" has been defined as "A house occupied by a club, or in which a club assembles," and the proposed building will in part be occupied and used strictly as a "clubhouse" within the ordinary meaning of that term, it also appears that it is the intention that the proposed structure be used and occupied in part as an office building for physicians, surgeons and dentists, a use entirely foreign to the ordinary and usual occupancy of a clubhouse. The provisions stated in the agreed facts, that the membership of the club will be limited to the club members, "and preference will be given to those using office space in the building," would allow members desiring to hire offices to occupy the greater part of the proposed building, if not the whole of it, to the exclusion of those members who desire to use the club only for social purposes and to be served with food and furnished with sleeping accommodations.

We are of opinion that, upon the agreed facts, the proposed building would not be a "clubhouse" within the ordinary and usual meaning of that term as commonly understood, and that its erection would constitute a violation

of the first restriction above referred to. It would be an abuse of language to describe a building, portions of which are to be rented to members for offices, as a clubhouse. See *Linzee* v. *Mixer,* 101 Mass. 512; *Dorr* v. *Harrahan,* 101 Mass. 531; *Merrymount Co.* v. *Edwardes,* 263 Mass. 282; *Abbott* v. *Steigman,* 263 Mass. 585. It is manifest from the agreed facts that the use of the building as a club is incidental and subordinate to its use as an office building. *Carr* v. *Riley,* 198 Mass. 70, *Prest* v. *Ross,* 245 Mass. 342, and *Tripp* v. *Fay,* 264 Mass. 516, are plainly distinguishable in their facts from the case at bar.

*Decree affirmed.*