[Civ. No. 12070. Second Appellate District, Division Two.—April 17, 1939.]

CHARLES L. STEWART, Respondent, v. DOROTHY REUTLER et al., Appellants.

Davis & Thorne and Donald E. Ruppe for Appellants.

John A. Holland and Josiah Coombs for Respondent.

CRAIL, P. J.—This is an appeal by defendants Reutler from a judgment rendered against them as the employers of codefendant Smith.

Defendants Reutler owned and managed the roadhouse known as The Gable, and employed the defendant Smith as the bouncer therein. On the evening of July 4th the plaintiff was a guest at The Gable, and while he was leaving the place and was between the entrance and the curb in front he got out a bunch of fire crackers and lit them. They made considerable noise. He got out an additional bunch of fire crackers when defendant Smith came up to him and told him, "You can't shoot them things out here." The plaintiff persisted. He put his foot up on a lamp post in order to strike a match when defendant Smith hit him in the face and knocked him out.

The first contention of the appellants is that the findings of fact and conclusions of law are insufficient to support the judgment against them, and in this connection they say, "It will be noted that there is no finding that said Smith, as a part of his employment, was authorized or required to act for and on behalf of appellants in any other manner than to keep order and assist appellants within the confines of appellants' premises." There is a finding that defendant Smith was employed at the time by the defendants Reutler as a bouncer. In our view this is a finding that the defendant Smith was employed to use force upon the

guests whenever he thought it was necessary to keep the peace and preserve order.

■ The next contention of the appellants is that there is no allegation or proof that defendant Smith was acting within the scope of his employment at the time of the commission of the assault and battery. The complaint alleges that the Reutlers were the owners and managers of The Gable and that they employed said Smith as floor manager at the time set forth; that he was working at the direction of and at the instance of the defendants Reutler; and that he attacked the plaintiff at their direction and acting as their agent. In our view these are sufficient allegations that the defendant Smith was acting within the scope of his authority, and there is substantial evidence that he was employed as the bouncer.

It is often difficult to determine whether the rule of *respondeat superior* has application to a certain given set of facts, that is to say, whether the evidence shows that the servant when he committed the thing which caused the damage was acting in the course of his employment. If the servant was directly engaged in the duties which he was employed to perform, it is obvious that the servant was at that time in the course of his employment. (16 Cal. Jur. 1104.)

■ Finally, the appellants contend that it is not alleged nor is there a finding that the act of violence was committed upon respondent upon the premises of appellants. This is true, but it is a fair inference to sustain the judgment that defendant Smith's duties included not only his duty to preserve order upon the floor of The Gable, but also at the approaches thereto. Judgment affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 15, 1939.