GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

A. GOODING, JR., and ROGER F. MORAN, Defendants

No. 1161-1968

GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

A. GOODING, JR., and ROGER F. MORAN, Defendants

No. 1162-1968

GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

A. GOODING, JR., and ROGER F. MORAN, Defendants

No. 1163-1968

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

April 23, 1969

EILEEN R. PETERSEN, Assistant Attorney General, *for plaintiff*

GRUNERT & STOUT, ESQS. (JOHN E. STOUT, ESQ., of counsel), *for defendant Gooding*

MCGOWAN, LOUD, CAMPBELL and DENNENBERG, ESQS. (ROGER CAMPBELL, ESQ., of counsel) *for defendant Moran*

MICHAEL, *Judge*

## OPINION

The defendants in these cases were charged jointly with three offenses of trespass under 14 V.I.C. §§ 1741, for entering upon the land of another without the consent of the owner or person in charge thereof; 1742, for removing property; and 1746, for removing boundary markers.

The defendant A. Gooding, Jr., appeared by Grunert & Stout, John E. Stout, Esq., of counsel, and the defendant Roger Moran by McGowan, Loud, Campbell and Dennenberg, Roger Campbell, Esq., of counsel. The Government of the Virgin Islands was represented by Eileen R. Petersen, Assistant Attorney General. The cases were consolidated for hearing after pleas of not guilty were entered by defendant Gooding and "mute" by defendant Moran.

At the end of the Government's cases the attorneys for the two defendants moved the court for a dismissal of the cases against their respective clients, Attorney Stout on the ground of reasonable doubt and Attorney Campbell on the grounds that the Statute of Limitations had run and there was no criminal responsibility on Moran and no crime proved against him.

After hearing arguments the court dismissed the cases against defendant Gooding and was about to dismiss the cases against the other defendant, Moran. However, upon

motion of the attorney for the Government for an opportunity to submit a memorandum of law on the question as to whether the defendant Moran was guilty of trespass on the evidence submitted by the Government under the sections of our law on which the cases were brought, the court continued the matter.

Both parties filed memoranda of law. Notwithstanding there were three cases involved, the memorandum of the Government discussed only one, that of simple trespass under § 1741, which the court interprets as an abandonment of the other two which require a showing of willfullness and malice, respectively.

Section 1741 which the memorandum discussed reads as follows:

"Whoever enters upon the land of another without the consent of the owner or of the person in charge thereof shall be fined", etc.

Inasmuch as at the end of the Government's case there was no evidence that defendant Moran had been on the land alleged to have been trespassed upon, the memorandum confined itself to the liability of a principal for the acts of an agent, stating that it is well established that a principal is liable for the violation of the criminal law by his agent in three situations, namely, when the agent acts directly under the principal's command, where the agent, although without specific instructions is acting within the scope of his employment, and when the act is done for the defendant by his knowledge and consent.

If it is even assumed that there was some relationship between defendants Moran and Gooding, judging by the testimony of Mr. Krueger who appeared for the Government and whose testimony must be accepted as true on the motion to dismiss, there is no testimony as to what that relationship was.

The only pertinent testimony on this point on direct examination is part of the conversation between Mr. Krueger and defendant Gooding on page 9 of the transcript, which reads as follows:

Q. Did you discuss with him [Gooding] the finding of a bulldozer on your property?

A. I told him he was bulldozing a road on my property.

Q. What, if anything, did he say?

A. And I said—

Q. What did he say when you told him that?

A. He said, well, he didn't know it was my property or something to that effect or he didn't think it was my property.

Also, part of the conversation between Mr. Krueger and defendant Moran on page 10 of the transcript, which reads as follows:

Q. What, if anything, did Mr. Moran say concerning the bulldozer being on your property?

A. Mr. Moran did not deny it.

Q. What did he say, can you recall?

A. Max, I'm sorry, I am insured. I'll have to get the expense of cleaning it up. He said I'm insured.

Q. Did Mr. Moran say anything concerning the bulldozer being on your property? What did he say to you when you confronted him with that statement?

A. He didn't know it was my property.

If even it is inferred by the above testimony that there was a principal and agent relationship, the defendant Gooding not denying he was on the property and the defendant Moran volunteering "to get the expense of cleaning it up", the evidence does not fall within any of the three instances in which a principal is criminally liable, and upon which the Government relies.

174

The cases cited by the Government under these principles of law are Wood v. Commonwealth, 17 S.W.2d 443 (1929), and the City of Spokane v. Patterson, 89 P.2d 402 (1907).

Upon reading the case of Wood v. Commonwealth, supra, the court finds that it was one involving embezzlement of securities by a broker, through his agent, knowing that the way he and his brother as partners conducted their business, the said securities which were bought outright by the complaining witness would be placed to their account in their ordinary course of business when it reached the agent's hands. In this case the agent was acting with the knowledge and consent of the defendant, who, by the evidence, had the "requisite criminal intent" under 22 C.J.S. Crim. Law, § 84, p. 247, cited by the Government.

No such intent appears by the evidence in the case at bar.

In the case of the City of Spokane v. Patterson, supra, the employer was held criminally liable for violation of a municipal ordinance covering blasting which, although the blasting was done by his employee, the court held that the statute was to protect the public, a police regulation. This court finds this case to be analogous to the case of Commonwealth of Massachusetts v. Hong, 55 A.L.R. 640, which was a case violative of a statute forbidding the use of minors as entertainers after certain hours.

The principle of law enunciated in the case of the City of Spokane v. Patterson, supra, cited by the Government, is enlightening. In that case the court stated in part as follows:

"In 1 Am. & Eng. Enc. of Law (2d Ed.) p. 1161, appears the following statement of the general principle: 'The principal is in general not liable criminaliter for the act of his agent, unless it is

committed by his command or with his assent.' In the notes, however, the exceptions to the rule as stated in the above text are specifically mentioned, and cases are cited in support thereof. The exceptions involve cases arising under police regulations. The ordinance in question is purely a police regulation. It has been often held that, where a saloon is open, or liquors are sold, in violation of a statute or ordinance, the owner is guilty of the offense, although he is not present, has no knowledge of it, and has given instructions to the contrary. This court approved that rule in State v. Constantine (Wash.), 86 Pac. 384. In that case we quoted from the opinion in People v. Roby, 18 N.W. 389, 52 Mich. 577, 50 Am. Rep. 270, where Chief Justice Cooley made the statement in effect that many statutes are in the nature of police regulations, and impose penalties without regard to any intention to violate them, in order to insure a degree of diligence for the protection of the public that will render violation practically impossible . . . . Appellant argues that the rule of the liquor cases should not be applied here, and that a distinction should be made . . . . A police regulation has been provided in each instance, and a penalty has been provided for the violation thereof. The penalty has been provided for the actual violation of the regulation, and not necessarily because of an intent to do so."

From the above it is clear that by the posture of the case now before the court none of the cited cases is applicable.

It is also interesting to note that all of the cases in the footnote of 87 C.J.S. § 31, p. 989 on Trespass cited by the Government involve civil trespass.

In consideration of what has been said, the court does not find the statute under which this case was brought to be a police regulation, and therefore by the evidence adduced, even if there were a principal and agent relationship between the two defendants, the criminal intent required in such cases of trespass was not shown.

Being thus dispositive of the case, there is no need to discuss the point raised by the attorney for the defendant Moran in his memorandum as to whether the cases were timely brought.

In accordance with what has been said, the motion to dismiss is hereby granted in the three cases against the defendant Moran.